[Crim. No. 21762. First Dist., Div. One. May 15, 1981.]

In re GERALD W. CHAMBLISS on Habeas Corpus.

COUNSEL

Benjamin R. Winslow, under appointment by the Court of Appeal, and Winslow & Schmidt for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Nancy Stewart, Deputy Attorneys General, for Respondent.

OPINION

GRODIN, J.—If a criminal defendant is sentenced to prison as a result of a plea bargain, and the trial court fails to inform him of the possibility of parole upon release, as required by Penal Code section 1170, subdivision (c),[1] is the defendant entitled to release without parole? Such is the contention of petitioner Chambliss, whose petition for habeas corpus we consider. We find, contrary to petitioner's contention, that whatever remedies may exist for a court's failure to comply with the advisory requirements of section 1170, subdivision (c), parole-free release is not among them.

On July 18, 1979, in the context of a negotiated plea, Chambliss pled guilty to grand theft (Pen. Code, § 487) and was released on probation for a period of three years on the conditions, among others, that he serve the first twelve months in county jail, obey all laws of the community and be of good conduct. He was informed that if he was found to be in violation of probation he could be sentenced to state prison for three years.

---

[1] Penal Code section 1170, subdivision (c), provides: "The court shall state the reasons for its sentence choice on the record at the time of sentencing. The court shall also inform the defendant that as part of the sentence after expiration of the term he may be on parole for a period as provided in Section 3000."

On March 19, 1980, the probation department filed a petition and probation report concerning revocation of probation. The report alleged that since release from county jail, petitioner had been arrested on a variety of charges not relevant here.

On May 16, 1980, petitioner appeared with counsel before the same court that had sentenced him previously. He waived his right to a hearing, and admitted the probation violation in exchange for the imposition of the two-year middle term on the grand theft charge and dismissal of the other pending charges. The court revoked probation and sentenced petitioner accordingly, with credit for time already served.

In August 1980, with approximately one month left on his state prison term, petitioner filed his petition for writ of habeas corpus alleging that he had "recently become aware that the California Department of Corrections ha[d] imposed a three (3) year period of parole at the termination of [his] imprisonment," that he was not informed by the court at the time of sentence that his release might be subject to parole, and that had he been so informed "it would have had a definite effect upon the plea I entered." The petition was first filed with the Monterey County Superior Court,[2] and when that court denied the petition it was filed here.

Petitioner relies upon cases which recognize the general enforceability of plea bargains (e.g., *Santobello* v. *New York* (1971) 404 U.S. 257 [30 L.Ed.2d 427, 92 S.Ct. 495]; *People* v. *Delles* (1968) 69 Cal.2d 906 [73 Cal.Rptr. 389, 447 P.2d 629]). He contends that because he was not advised of the potential for parole, his bargain should be construed as calling for a parole-free release; and that since neither withdrawal of the plea nor resentencing are any longer meaningful options, the bargain as so construed should be specifically enforced (cf. *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13-15 [136 Cal.Rptr. 409, 559 P.2d 1028]).

The case which most closely supports petitioner's case serves also to distinguish it. In *People* v. *Flores* (1971) 6 Cal.3d 305 [98 Cal.Rptr. 822, 491 P.2d 406], the defendant was prosecuted on multiple charges

---

[2]Petitioner was sentenced in Alameda County, but Monterey County had territorial jurisdiction. (See *Griggs* v. *Superior Court* (1976) 16 Cal.3d 341, 346-347 [128 Cal.Rptr. 223, 546 P.2d 727].)

including a count of robbery while armed with a deadly weapon (Pen. Code, § 211). Pursuant to a plea bargain, he entered a plea of guilty to the robbery count, indicating in open court and at the court's request that he understood that he was pleading guilty to "armed robbery" and that the maximum sentence he could receive for that offense was "five years to life." After accepting the plea, and after the remaining counts were dismissed, the court inquired of defendant how the crime was committed, and upon learning that it was committed with the use of a firearm, sentenced defendant to an additional five-year period pursuant to Penal Code section 12022.5, which then provided for a mandatory five-year enhancement for robbery with use of a firearm. The Supreme Court held that "[i]n entering his plea of guilty, defendant in effect bargained for a sentence of no greater than imprisonment for five years to life ... and that he must be given the benefit of his plea bargain." (*Id.*, at pp. 308-309.)

■ The record does not support petitioner's contention that parole-free release was part of his plea bargain. (Cf. *In re Lawler* (1979) 23 Cal.3d 190, 195 [150 Cal.Rptr. 833, 588 P.2d 1257].) The transcript contains no mention of parole, and there is no inconsistency between parole and the sentence that was imposed. There was no promise by court or prosecution (cf. *People v. Newton* (1974) 42 Cal.App.3d 292 [116 Cal.Rptr. 690]) nor was there a mutual understanding (cf. *People v. Martinez* (1979) 88 Cal.App.3d 890 [152 Cal.Rptr. 204]). At most, there is an asserted ignorance on the part of petitioner, unsupported by objective evidence of its existence or reasonableness, that parole would be required.

The Legislature has determined that "the period immediately following incarceration is critical to successful reintegration of the offender into society and to positive citizenship," and that "[i]t is in the interest of public safety for the state to provide for the supervision of and surveillance of parolees and to provide educational, vocational, family and personal counseling necessary to assist parolees in the transition between imprisonment and discharge." (Pen. Code, § 3000.) Accordingly, it has decreed that "[a] sentence pursuant to Section ... 1170 *shall* include a period of parole, unless waived, as provided in this section" (*ibid.*, italics added), and that it shall be "for a period not exceeding three years, unless the [parole] board for good cause waives parole and discharges the inmate from custody of the department." (Pen. Code, § 3000, subd. (a).)

The public policy thus represented is too substantial to permit erosion through a simple assertion of ignorance in the course of a plea bargain. We do not minimize the significance of the requirement in section 1170, subdivision (c), that convicted defendants be informed of the potential for parole under section 3000; under appropriate circumstances a court's failure to comply with that requirement may give rise to a legitimate claim for relief. (Cf. *People* v. *Johnson* (1974) 10 Cal.3d 868, 873 [112 Cal.Rptr. 556, 519 P.2d 604].) Under the present circumstances, however, it is not a basis for permitting this petitioner to avoid what the Legislature has determined to be an important component of the criminal justice system.

The petition for writ of habeas corpus is denied and the order to show cause is discharged.

Elkington, Acting P. J., and Newsom, J., concurred.