[No. D006649. Fourth Dist., Div. One. Sept. 19, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK FREDERICK OBERREUTER, Defendant and Appellant.

COUNSEL

Robert F. Howell, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**WORK, J.**—Frank Frederick Oberreuter appeals a judgment on his negotiated guilty plea to assault with a deadly weapon. (Pen. Code,[1] § 245, subd. (a)(1).) He contends the court erred in imposing a restitution fine pursuant to Government Code section 13967, the possibility of which the court never advised him and which was not mentioned as a consequence of his plea in the plea-agreement form executed by the parties and filed in this record. He also claims the court erred in imposing the upper term of imprisonment.[2] Because we find the plea bargain did not encompass imposition of the restitution fine, the court did not reject the bargain and permit Oberreuter to choose whether to withdraw his plea, and he has served a substantial portion of his prison sentence, we accept the alternative disposition proposed by the People and modify the judgment by striking the order for a restitution fine rather than remanding to allow Oberreuter to choose between now withdrawing his plea or ratifying the present sentence. We find no other sentencing error and thus affirm the judgment as modified.

I

On April 13, 1987, Oberreuter entered a residence and struck Timothy Ferris in the head with a hatchet. Ferris suffered a fractured skull, was hospitalized for five days, and had continuing blurred vision, headaches, and loss of feeling in his left hand. At the sentencing hearing the court stated: "The court finds that due to the nature of the violence, being armed with an ax under [California Rules of Court] rule 421(a)(2), the level of violence, the fact that he went with someone else to the . . . residence apparently for a confrontation, those factors outweigh circumstances in mitigation and he will be sentenced to the aggravated term."

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The parties agree the abstract incorrectly reflects the upper term as five years' imprisonment. We direct the trial court to correct this error.

▉▉▉ Oberreuter contends the trial court erred in imposing the upper term by using three improper factors. He argues the court improperly found three factors in aggravation: great violence, use of a deadly weapon, and inducing others to commit the crime or occupying a position of leadership in its commission. He asserts "great violence" and "use of a weapon" are inherent in the crime of assault with a deadly weapon or by means of force likely to produce great bodily injury, and the record does not support a finding others participated in the assault or that it was planned in advance.

Section 1170, subdivision (b) provides in part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." California Rules of Court,[3] rule 439(b) provides: "Selection of the upper term is justified only if, considering the entire record of the case, including the probation officer's report, other reports properly filed in the case, and other competent evidence, circumstances in aggravation are established by a preponderance of the evidence and outweigh circumstances in mitigation." Sentencing courts have wide discretion in weighing aggravating and mitigating factors (*People v. Evans* (1983) 141 Cal.App.3d 1019, 1022 [190 Cal.Rptr. 633]; *People v. Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]; *People v. Covino* (1980) 100 Cal.App.3d 660, 670-671 [161 Cal.Rptr. 155]), and may balance them against each other in "qualitative as well as quantitative terms" (*People v. Roe* (1983) 148 Cal.App.3d 112, 119 [195 Cal.Rptr. 802]). One factor alone may warrant imposition of the upper term. (*People v. Kellett* (1982) 134 Cal.App.3d 949, 963 [185 Cal.Rptr. 1].) We must affirm unless there is a clear showing the sentence choice was arbitrary or irrational. (*People v. Hubbel* (1980) 108 Cal.App.3d 253, 260 [166 Cal.Rptr. 466].)

▉▉ ▉▉ Rule 421(a)(1) provides a crime is aggravated if it "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7." Because serious injury is not inherent in the crime of assault with a deadly weapon (*People v. Hopkins* (1978) 78 Cal.App.3d 316, 320 [142 Cal.Rptr. 572]), the trial court did not err in finding the crime here aggravated by the method of the attack and serious injury to Ferris caused by the viciousness of the attack. The court did not find Oberreuter induced others to commit the crime or took a leadership position in its commission. The record lacks support for a finding this attack by one drug trafficker on another was premeditated. It is not, however, reasonably probable a result more favorable to Oberreuter would have been achieved absent that finding where the

---

[3] All rule references are to the California Rules of Court.

unexpected assault from behind caused substantial head injuries requiring surgery. Reliance on this factor was harmless error. (See *People* v. *Axtell* (1981) 118 Cal.App.3d 246, 259 [173 Cal.Rptr. 360].)

## II

■ Relying upon *People* v. *Covino, supra,* 100 Cal.App.3d 660, and *People* v. *Simpson* (1979) 90 Cal.App.3d 919 [154 Cal.Rptr. 249], Oberreuter also argues the trial court failed to consider the crime mitigated by imperfect self-defense, as set forth in his statement in mitigation. At the outset of sentencing, the court stated it had read and considered the statement in mitigation. While the court did not express why it minimized or rejected self-defense as a mitigating factor, it need not have done so. (*People* v. *Salazar* (1983) 144 Cal.App.3d 799, 813 [193 Cal.Rptr. 1].)

Citing *Covino* and *Simpson,* Oberreuter argues the trial court committed reversible error in failing to consider on the record all mitigating factors referred to in rule 423. Neither case supports this conclusion. In *Covino,* the court quoted *Simpson,* saying the trial court had failed to exercise its discretion because it had not considered alcoholism as a mitigating factor. Neither *Covino* nor *Simpson* require the consideration of possible mitigating factors to be on the record. Absent an explicit statement by the trial court to the contrary, it is presumed the court properly exercised its legal duty to consider all possible mitigating and aggravating factors in determining the appropriate sentence. (See *Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 913 [141 Cal.Rptr. 133, 569 P.2d 727].)

## III

■ Oberreuter also contends the restitution fine must be stricken, because it was not part of the plea bargain and he was not advised a fine could be imposed as possible punishment before he entered his plea. He is correct.

We are satisfied a restitution fine, like any other penal consequence, may not be imposed on a plea-bargain participant where it was not included in the negotiated agreement. There is no reference to the potential of any fine being imposed in this record. The People ask us to rely, however, on the fact Oberreuter initialed the box beside a typewritten section inserted into a printed form entitled "Defendant's Statement Upon Plea of Guilty to Felony" which states: "I agree that the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed, or stricken charges or allegations, when granting probation, ordering restitution, or imposing sentence." The People argue this general reference to restitution expressed in context of Oberreuter's

*Harvey* [4] waiver, permitting the court to consider factors relating to unproved criminal charges in structuring an appropriate sentence, satisfies the requirement that the court advise Oberreuter a restitution fine must be imposed in addition to his term of imprisonment, and that he has agreed to that condition. The obvious purpose of this section of the form is to memorialize the *Harvey* waiver. It was typed onto a printed change of plea form which contains a separate and specific section in which defendants are to list all possible direct penal consequences they agree to accept in exchange for relinquishing their constitutional right to force the People to prove their charges beyond a reasonable doubt to a jury. In that specific section, the maximum sentence is stated as four years and a space provided to list possible additional penalties is blank. Another section recites the applicable parole term should a prison sentence be imposed. Oberreuter, his lawyer, the prosecution and the court signed this document and are presumed to be aware of its limits.

The People are forced to their strained analysis because the court's oral advisement of possible consequences omitted any reference to a fine in addition to imprisonment. It is the obligation of the court to personally advise a defendant of penal consequences before taking waivers associated with a guilty plea. The court did so here, carefully admonishing Oberreuter of his constitutional rights and insuring the waivers elicited were knowing and voluntary. It then confirmed that Oberreuter understood he faced a maximum penalty of four years. It did not mention any possible or mandatory fine. On this record, we are satisfied Oberreuter was not advised of, and never agreed to accept, a mandatory fine pursuant to Government Code section 13967 as a condition of his plea of guilty.

## IV

Because Oberreuter has completed a substantial portion of his prison term, permitting him to withdraw his guilty plea cannot restore the status he enjoyed before sentencing. Both the People and Oberreuter ask us to modify the sentence by striking the restitution fine should we conclude it deviates from the plea bargain rather than remand the matter to the sentencing court. We have received supplemental briefing as to our power to do so. The People support their request we strike the order imposing the restitution fine, by reference to the rule espoused in *People* v. *Mancheno* (1982) 32 Cal.3d 855, 860 [187 Cal.Rptr. 441, 654 P.2d 211], that the goal when fashioning appellate remedies is to redress the harm caused by the error without prejudice to either party or curtailing the normal discretionary power of the sentencing court. They assert specific performance in this

---

[4] *People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396].

case comports with *Mancheno's* recognition that it is appropriate to do so when it implements the reasonable expectations of the parties without forcing the trial court to accept a disposition which the court considers unacceptable in all cases. (*Id*. at pp. 860-861.) We agree with the People that this is not a case where the trial court intentionally deviated from the agreement; it appears the trial court never suspected the sentence did not conform. Nor is this a case where the trial court lacked the power to waive imposition of the fine to comply with the agreement as stated because section 1202.4 permits the court to do so for compelling and extraordinary reasons.

We are satisfied we are empowered to modify the judgment by striking the ordered restitution fine and that it is appropriate to do so here where both the People and Oberreuter urge that disposition.

The judgment is modified by striking the fine imposed pursuant to Government Code section 13967 and the superior court is directed to change its records accordingly. The superior court shall correct the clerical error in its abstract of judgment to reflect the sentence term of four years. As modified, the judgment is affirmed.

Wiener, Acting P. J., concurred.

**BENKE, J.**—I respectfully dissent from that portion of the majority opinion which strikes the restitution ordered by the sentencing court. I am not prepared to say that under the circumstances presented here this court can strike the restitution which the sentencing court has ordered pursuant to subdivision (c) of Government Code section 13967.

The sentencing judge here ordered restitution in the amount of $6,848.63 "per section 13967(c) of the Government Code to the victim as contained in the probation department's report." In making its recommendations for restitution, the probation report outlines the injuries to the victim.[1]

"This officer sent the victim, Mr. Timothy Ferris, a request for a restitution letter and also telephoned him regarding the offense and the defendant. Mr. Ferris began by stating that he stayed in the hospital as a result of the incident for five days and left as he could not afford it any longer. Mr. Ferris indicates that he is still recuperating from the wounds inflicted by the defendant and has not been able to work since the incident. Mr. Ferris indicated that the nature of his problems consist of headaches, blurred vision, and a lack of feeling in his left hand. Mr. Ferris indicated that the

---

[1] Made part of the record pursuant to California Rules of Court, rule 33(a)(1)(K).

blows inflicted by the defendant, cracked his skull and went to the base of the brain. The wounds required four hours of surgery and the doctors have indicated to him that he possibly will need a metal plate, if the wounds do not heal properly. According to the victim, because he has not been able to work since the incident, he is facing eviction from his home."

Government Code section 13967, subdivision (a), requires that upon a person being convicted for any crime, the court shall order restitution in the form of a penalty assessment in accordance with the general allocation requirements of section 1464 of the Penal Code. Government Code section 13967, subdivision (a), further states: "Except as provided in Section 1202.4 of the Penal Code and subdivision (c) of this section, under no circumstances shall the court fail to impose the separate and additional restitution fine required by this section."

Section 1202.4, subdivision (a), requires a restitution fine "as provided in subdivision (a) of Section 13967 of the Government Code" and further requires "[s]uch restitution fine shall be in addition to any other penalty or fine . . . and shall be ordered regardless of the defendant's present ability to pay." Only if the court finds there are "compelling and extraordinary reasons" may it waive imposition of the fine and if it does so, it must state the grounds therefore for the record. (*Ibid.*)

Government Code section 13967, subdivision (c), provides that where the victim has suffered economic loss as a result of the defendant's conduct and the defendant is denied probation, the court shall order restitution be paid directly to the victim rather than imposing a restitution fine which is then distributed as set forth in Penal Code section 1464. Subdivision (c) states: "*In cases in which a victim has suffered economic loss* as a result of the defendant's criminal conduct, and the defendant is denied probation, in lieu of imposing all or a portion of the restitution fine, *the court shall order restitution to be paid to the victim*. Notwithstanding subdivision (a), restitution shall be imposed in the amount of the losses, but not to exceed ten thousand dollars ($10,000). A restitution order imposed pursuant to this subdivision shall identify the losses to which it pertains, and shall be enforceable as a civil judgment. The making of a restitution order pursuant to this subdivision shall not affect the right of a victim to recovery from the Restitution Fund in the manner provided elsewhere, except to the extent that restitution is actually collected pursuant to the order. Restitution collected pursuant to this subdivision shall be credited to any other judgments for the same losses obtained by the victim against the defendant arising out of the crime for which the defendant was convicted." (Italics added.)

The statutory framework, of which Penal Code section 1202.4 and Government Code section 13967 are but a part, was established pursuant to the

Crime Victim Restitution Program of 1983. (*People* v. *Vega-Hernandez* (1986) 179 Cal.App.3d 1084 [225 Cal.Rptr. 209]; *People* v. *Wyman* (1985) 166 Cal.App.3d 810, 813-814, fn. 2 [212 Cal.Rptr. 668].) The statutes passed as a result of that program provide restitution is mandatory. (See *People* v. *Vega-Hernandez, supra,* 179 Cal.App.3d at p. 1090.) To the extent possible, a victim in this state must now be directly compensated by an offender for economic losses caused by that offender's criminal conduct.

Since the restitution ordered here is required, our striking of the lower court's order violates a legislative mandate requiring restitution in all cases, and, more specifically, deprives the victim in this case of a direct form of compensation due to this serious offense, one which resulted in substantial monetary losses. Such results are the opposite of those intended by passage of the Crime Victim Restitution Program.

The majority and the Attorney General rely upon *People* v. *Mancheno* (1982) 32 Cal.3d 855 [187 Cal.Rptr. 441, 654 P.2d 211], for the proposition that this court may strike a trial court's restitution order where the defendant has not been adequately advised that restitution will result from his plea of guilty. Significantly, however, the *Mancheno* decision predates passage of the Crime Victim Restitution Program of 1983. Thus I do not believe *Mancheno* supports the proposition that California's now mandatory restitution may be stricken by this court.

Although, as has been noted, the Crime Victim Restitution Program permits waiver of restitution upon certain findings being made by the trial court (Pen. Code, § 1202.4, subd. (a)), no such findings were made here. There is nothing in this record which indicates the trial court ever intended to waive direct restitution to the victim.

Since restitution is mandatory, I would not strike the restitution here even if both parties on the appeal so request.

The question remains as to whether this case must be remanded inasmuch as Oberreuter was not advised of a significant consequence of his plea in this case.

An advisement of the consequences of a plea of guilty need not appear in the transcript. A properly executed change of plea form is sufficient. (Cf. *In re Ibarra* (1983) 34 Cal.3d 277, 284-288 [193 Cal.Rptr. 538, 666 P.2d 980].) Here, Oberreuter initialed a box on the change of plea form which indicates the judge could order restitution. At the time of the change of plea, he informed the court he understood the form and what it contained. That portion of the form initialed by Oberreuter provides: "I agree that the

sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed, or stricken charges or allegations, when granting probation, ordering restitution, or imposing sentence."

This advisement does not inform Oberreuter that restitution is required and if this case falls within subdivision (c) of section 13967, the order of restitution will act as a civil judgment against him. If such an advisement is required, which I believe it is, Oberreuter must be allowed the opportunity to withdraw his plea. (Cf. *In re Yurko* (1974) 10 Cal.3d 857, 862 [519 P.2d 561].)

Moreover, while the probation report sets forth the extent of the victim's substantial physical and economic injuries in this case, it does not set forth the factual basis for the recommended amount of restitution. Nor did the sentencing judge set out such a factual basis when he adopted the amount of restitution recommended by the probation department. Government Code section 13967, subdivision (c), requires such findings be set forth on the record.

Rather than striking the order of restitution, I believe the appropriate action should be to remand this case to the sentencing court with instructions to permit Oberreuter to withdraw his plea and if he elects not to do so, state for the record the factual basis upon which the amount of restitution was determined.

A petition for a rehearing was denied October 14, 1988, and appellant's petition for review by the Supreme Court was denied December 21, 1988.