[No. F009523. Fifth Dist. Nov. 15, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD JOSEPH DAVIS, Defendant and Appellant.

**COUNSEL**

William P. Daley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Michael J. Weinberger and Ruth M. Saavedra, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.**\*—Davis entered into a plea bargain in which he pleaded guilty to one count of robbery (Pen. Code, § 211)[1] and admitted one prior

---

\* Before Woolpert, Acting P. J., Hamlin, J., and Best, J.

[1] All further statutory references are to the Penal Code unless otherwise indicated.

serious felony. (§ 667.) On appeal, he contends that the sentence imposed on him exceeded the plea bargain and that the advisements preceding his plea were insufficient. We affirm.

## FACTS

Davis beat up a clerk in the process of robbing a convenience store. The events were recorded on a security camera in the store.

Davis was charged with one count of robbery and one count of assault resulting in serious bodily injury, together with a section 667 enhancement. After plea negotiations, Davis agreed to plead guilty to robbery and to admit the enhancement; the assault count was to be dismissed. There was no agreement concerning sentencing. At the change of plea hearing, the court confirmed with Davis that he understood that the maximum prison term possible under the admitted charges would be 10 years, and that no one had promised a prison term of less than 10 years. The court advised Davis of all of the direct consequences of his guilty plea, except the court did not tell Davis that he was subject to a restitution fine of up to $10,000. The court then accepted the guilty plea and set the matter for sentencing.

Before sentencing, Davis filed a document treated as a motion for change of counsel. At the hearing on this motion Davis said he wanted to withdraw his guilty plea because counsel had induced the plea by telling Davis that the maximum sentence on the original charges was 21 years, when in reality the maximum was 12 or 13 years. The actual three-year reduction in sentence was not enough to justify the plea, according to Davis, and he wanted to withdraw the plea so he could negotiate for dismissal of the serious felony enhancement.

Responding to Davis's motion, trial counsel said he and the prosecutor had determined that the maximum sentence on the original charges was 12 years, and that he had told Davis this. Counsel said he told Davis that it was pointless going to trial in light of the strong videotape evidence. Counsel said Davis then admitted the crimes and asked "what is the best we can get?" Counsel specifically denied that he had told Davis the maximum was 21 years.

The court believed trial counsel and not Davis. The court determined that no "practicing attorney" could have come up with 21 years for a maximum sentence, and so Davis's testimony was not credible. The court determined that Davis had been informed adequately about his choices before entering into the plea bargain, and otherwise had been represented

adequately in pre-plea proceedings. The court denied Davis's motion to replace counsel.

Subsequently, Davis was sentenced to the upper term of five years for robbery, and the five-year enhancement was imposed under section 667. A $100 restitution fine was imposed pursuant to Government Code section 13967.

## DISCUSSION

Davis makes two related arguments on appeal. ■■■ First, Davis contends that imposition of the restitution fine exceeded the sentencing maximum established in the plea agreement. ■■■ Second, he argues that he was prejudiced by the trial court's failure to advise him that one direct consequence of his guilty plea would be imposition of the restitution fine. Under both arguments, Davis says he should be permitted to withdraw his guilty plea.

### A. *The Fine and the Plea Bargain.*

■■■ Davis contends that imposition of a restitution fine exceeded the terms of the plea bargain, and that section 1192.5 requires that he be permitted to withdraw his plea. Respondent seeks to concede that the fine exceeded the bargain, and asks us to strike the fine as a means of specifically enforcing the bargain.

We think respondent's concession is ill-advised, and we do not accept it. The problem is that Davis has not demonstrated that the plea bargain involved any limitation on the court's mandatory duty to impose a restitution fine.

In the case of *In re Chambliss* (1981) 119 Cal.App.3d 199, 202 [173 Cal.Rptr. 712], the trial court had not informed defendant at the time of his guilty plea that he would be subjected to a period of parole after his prison sentence. Defendant contended that such silence became part of his plea bargain, and that he should be released from prison without a parole obligation in order to specifically enforce the bargain. The Court of Appeal rejected that contention: "The record does not support petitioner's contention that parole-free release was part of his plea bargain. The transcript contains no mention of parole, and there is no inconsistency between parole and the sentence that was imposed. There was no promise by court or prosecution nor was there a mutual understanding. . . . [¶] The public policy thus represented [by the mandatory parole period established by statute] is too

substantial to permit erosion through a simple assertion of ignorance in the course of a plea bargain." (*Id.* at pp. 202-203.)

On the other hand, in a very limited number of situations the Supreme Court has been willing to imply a term of a plea agreement from a silent record. In *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 756-757 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171] the court held that unless the record indicates otherwise, a defendant will be deemed to have negotiated for the imposition of sentence by the judge who accepted the guilty plea whenever the plea leaves judicial discretion to be exercised at the time of sentencing. Similarly, in *People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396], the court held that if a defendant pleads guilty to one or more counts in consideration of dismissal of counts charging unrelated crimes, then "(in the absence of any contrary agreement)" it is implicit in such a bargain "that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (*Id.* at p. 758.)

In the present case, unlike *Arbuckle* and *Harvey,* there is no policy reason to imply a term of the plea bargain from the silent record. To the contrary, there is a strong public policy that would be undermined by the presumption suggested by appellant. (See *In re Chambliss, supra,* 119 Cal.App.3d at p. 203.) Section 1202.4, subdivision (a), requires that the restitution fine *shall* be imposed upon conviction of a felony unless there are "compelling and extraordinary reasons" why no such fine should be imposed. This statutory requirement is the result of a constitutional amendment adopted by the voters as part of Proposition 8. (See Cal. Const., art. I, § 28, subd. (b).) This constitutional and statutory mandate makes it entirely improper for this court to establish a judicial presumption that failure to discuss the fine as part of a plea bargain prohibits such a fine. The public policy represented by the mandatory fine "is too substantial to permit erosion" by reliance on mere silence in the course of a plea bargain. (See *In re Chambliss, supra,* 119 Cal.App.3d at p. 203.)

We are aware that the Fourth District recently reached the opposite conclusion in *People* v. *Oberreuter* (1988) 204 Cal.App.3d 884 [251 Cal.Rptr. 522], but we disagree. There the court held that "a restitution fine, like any other penal consequence, may not be imposed on a plea-bargain participant where it was not included in the negotiated agreement." (*Id.* at p. 888.) For the reasons we have expressed above, we think that a plea bargain that does not expressly seek to limit the court's mandatory duty to impose a restitution fine does not act as a limitation on that duty.

Undoubtedly in some cases the amount of restitution, particularly the amount of restitution paid directly to a victim under Government Code

section 13967, subdivision (c), will be the subject of direct negotiation as part of a plea bargain. Our decision does not consider whether reduction or elimination of restitution is a valid subject of plea bargaining. We resolve only the limited question that is before us: A failure to mention restitution, without more, in the course of advising a defendant of the consequences of his guilty plea, neither supports nor compels a finding that the parties have agreed that no restitution fine will be imposed.

### B. *Advisement About the Fine.*

■ Since we have determined that the failure to advise Davis of the restitution fine did not preclude imposition of the fine, we must next consider whether the failure to advise, in itself, invalidates the guilty plea. Although Davis did not obtain a section 1237.5 certificate and this issue could be disposed of on that basis, we elect to address the merits of Davis's contention, since this argument is closely related to the plea bargain argument addressed above, for which a probable cause certificate was not necessary.

We begin by noting that imposition of a restitution fine is a direct consequence of a guilty plea. Advisement of the direct consequences of a guilty plea is required as a judicially declared rule of criminal procedure. (*In re Yurko* (1974) 10 Cal.3d 857, 864 [112 Cal.Rptr. 513, 519 P.2d 561].) Accordingly, the trial court should have advised Davis about the restitution fine before the court accepted Davis's guilty plea.

Davis concedes that this error is not of constitutional magnitude, and that reversal is required only if he shows that the error prejudiced him. (See *In re Ronald E.* (1977) 19 Cal.3d 315, 320-321 [137 Cal.Rptr. 781, 562 P.2d 684].) He attempts to show prejudice by pointing to his attempt to withdraw his guilty plea. He says that since he was dissatisfied with the plea even without the $100 restitution fine, he would not have accepted the plea with the fine.

The record does not support this contention. Davis's attorney had reviewed the prosecution's evidence and believed the case against Davis was ironclad. He told Davis that going to trial was, in counsel's judgment, completely pointless. The court rejected Davis's contention that he thought the maximum sentence without the bargain was 21 years, and found that Davis accepted the plea even though it reduced his maximum exposure by only three years. Even though the probation officer's report recommended the restitution fine of $100, so that Davis was made aware of the fine before sentence was imposed, Davis did not seek to withdraw his plea on that basis.

Under these circumstances, we do not believe either the advisement of a possible $10,000 fine or the promise of a $100 fine would have caused Davis to reject the plea bargain. Davis's alternative, if he had been fully advised about the restitution fine, was to reject the plea bargain and face almost certain conviction on the original charges, face up to three additional years of imprisonment, and *still* be fined pursuant to Government Code section 13967. We do not believe Davis would have made that choice if he had been told about the fine.

*In re Yurko, supra,* 10 Cal.3d at page 864 and *In re Ronald E., supra,* 19 Cal.3d at pages 320-321 both note that the pre-plea advisement required in those cases addresses a "severe" consequence of the admission of guilt. In the abstract, this case also involves a "severe" consequence, since the restitution fine can be as much as $10,000. But in fact this particular consequence of Davis's admission of guilt was far from "severe." One hundred dollars is the minimum statutory fine pursuant to Government Code section 13967 and it is also a relatively small amount of money. The trial court is unlikely to know what the fine will be at the time of the change of plea hearing in any particular case, and so the *potential* consequence is severe enough to require advisement. After a minimal fine is imposed, however, the *actual* consequence is not "severe," and in the case of a minimal fine no showing of prejudice normally will be possible.

In the present case there was no showing of prejudice, and the court's failure to advise Davis about the fine does not require reversal.

The judgment is affirmed.

A petition for a rehearing was denied December 9, 1988, and appellant's petition for review by the Supreme Court was denied February 16, 1989.