[No. E005998. Fourth Dist., Div. Two. Feb. 27, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD DAVID MELTON et al., Defendants and Appellants.

## COUNSEL

Conrad Petermann and Dennis L. Cava, under appointments by the Court of Appeal, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Arnold O. Overoye, Acting Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Rudolf Corona, Jr., and Craig E. Fisher, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.***— These appeals by codefendants Ronald David Melton and Sheri McAllister present but a single question for determination: the effect of the trial court's failure to advise them, at the time they pleaded guilty, that such a plea would subject them to a virtually mandatory restitution fine. We determine that defendants are entitled to no relief and affirm the judgment.

Due to the nature of the issue presented, no detailed recitation of the facts is required. It suffices to say that each defendant pleaded guilty to a variety of charges arising out of a series of armed robberies; allegations of prior offenses were also admitted. The pleas were part of a negotiated disposition under which defendant Melton would receive a sentence of 20 years, and defendant McAllister would be sentenced to a term of 16 years and 4 months.

These sentences were duly imposed. However, the court also followed the recommendation contained in the probation reports and imposed on each

---

*Before McDaniel, Acting P.J., Dabney, J., and McConaghy, J.†

†Assigned by the Chairperson of the Judicial Council.

defendant a restitution fine in the amount of $5,000. Although neither defendant objected at the sentencing hearing, both now contend that the fine was not part of the negotiated disposition and was therefore improperly imposed.

Division One of this court recently confronted a similar situation in *People* v. *Oberreuter* (1988) 204 Cal.App.3d 884 [251 Cal.Rptr. 522]. Defendant agreed to plead guilty without having been informed that he would be subject to a restitution fine. Holding that the fine could not be imposed where defendant had not agreed to the term and had not been advised that he would be subject to such a fine, the court struck the fine while upholding the remainder of the sentence. (*Id.*, at p. 890.) On the other hand, in a still more recent decision, the Fifth District refused either to strike the fine or to remand for the purpose of allowing defendant the opportunity to withdraw his plea. (*People* v. *Davis* (1988) 205 Cal.App.3d 1305 [252 Cal.Rptr. 924].) However, we find neither case directly applicable to the facts in the case at bar.

It cannot be disputed that a plea of guilty may be taken only after defendant is advised of the direct penal consequences of his plea. (*Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) Earlier cases have held that where a defendant has not been advised that his plea of guilty to a felony will subject him to a period of parole under Penal Code section 3000 et seq., the condition of parole cannot stand. (*In re Carabes* (1983) 144 Cal.App.3d 927, 933 [193 Cal.Rptr. 65]; *Carter* v. *McCarthy* (1986) 806 F.2d 1373, 1375-76; contra, *In re Chambliss* (1981) 119 Cal.App.3d 199 [173 Cal.Rptr. 712].) As the *Davis* court recognized, the possible imposition of a $10,000 fine is a "severe" consequence of a guilty plea.[1] (*People* v. *Davis, supra*, 205 Cal.App.3d at p. 1311.) While it may be true, as the *Davis* court held, that a plea bargain silent on the issue of a fine does not impose a legal limitation on the power of the court to impose such a fine, defendants entered their pleas in ignorance of a serious direct consequence.

However, the People argue that any error was waived by defendants' failure to object at the sentencing hearing, noting that the imposition of a fine was recommended in the probation report, and we agree.

Generally, the sentencing hearing serves as an opportunity for a defendant to point out any inaccuracies or omissions in the report, and if he

---

[1] It is to be noted that in *Davis*, the fine actually imposed was the minimum of $100. While this factor was not dispositive, it buttressed the court's conclusion that the failure to advise defendant of the potential fine was not prejudicial. This approach would eventually require the court to draw a line at an amount of actual fine which *would* be deemed to show prejudice—a determination difficult for an appellate court not informed of defendant's financial condition to make.

fails to do so he will be deemed to have waived any error. (*People* v. *Keele* (1986) 178 Cal.App.3d 701, 708 [224 Cal.Rptr. 32].) ■ The purpose of the general doctrine of waiver is to encourage a defendant to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had. Thus, an objection must be made to the proposed admission of inadmissible evidence if the point is to be preserved for appeal (*People* v. *Green* (1980) 27 Cal.3d 1, 21-22 [164 Cal.Rptr. 1, 609 P.2d 468]); similarly, an objection must be made to prosecutorial misconduct if any prejudicial effect may be averted by an admonition. (*People* v. *Gaulden* (1974) 36 Cal.App.3d 942, 959 [111 Cal.Rptr. 803].)

■ In this case, the record reflects that defense counsel was familiar with the probation report. Had the recommendation that defendants be ordered to pay a restitution fine come as a genuine surprise, it would have been a simple matter to bring the issue to the attention of the trial court. On a proper showing, the trial court might have chosen to offer defendants the opportunity to withdraw their pleas, or to modify the recommended fine to an amount which defendants could accept. Consequently, we find that defendants' silence in the face of both the report and the trial court's subsequent order constituted a waiver of any error and of any claim for relief.[2]

## DISPOSITION

The judgments are affirmed.

Appellants' petition for review by the Supreme Court was denied May 16, 1990.

---

[2] As a matter of encouragement to both the trial court and the prosecuting attorneys, we note that the stream of cases similar to this which reach the appellate courts would dry up if trial courts would either require defendants to sign a written change of plea form specifying all serious consequences of the plea, or follow an informal "script" in orally taking pleas. Where the court inadvertently omits to list or explain a significant factor, the prosecuting attorney should be alert to ensure that it is expressly brought to the defendant's attention.