[No. A047006. First Dist., Div. Three. Sept. 28, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL HOWARD WILLIAMS, Defendant and Appellant.

**COUNSEL**

Andrian & Gallenson and Stephen Gallenson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Thomas A. Brady and Donna B. Chew, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—On appeal from a judgment of conviction and sentence following a negotiated guilty plea, appellant Michael Howard Williams contends that the trial court erred in imposing a restitution fine because the court failed to advise appellant that the fine was a consequence of his plea. We agree and order that the restitution fine be stricken from the judgment.

### Procedural Background

Because there is only one narrow legal issue on appeal, a brief summary of the procedure below will suffice. The amended notice of appeal specifies that this appeal was taken from two judgments, but the sole issue relates to the second case.

*Case No. 14264-C.* Appellant was charged by amended information, with having committed the following offenses on November 20, 1986: (1) possession for sale of methamphetamine with an arming enhancement (Health &

Saf. Code, § 11378, Pen. Code, § 12022, subd. (a)); (2) possession of methamphetamine, with an arming enhancement (Health & Saf. Code, § 11377, subd. (a), Pen. Code, § 12022, subd. (a)); (3) possession of a hypodermic needle or syringe (Bus. & Prof. Code, § 4149); (4) carrying a concealed .22-caliber weapon in a vehicle (Pen. Code, § 12025, subd. (a)); and (5) misdemeanor carrying a loaded firearm in a public place (Pen. Code, § 12031, subd. (a)).

On July 31, 1987, appellant withdrew a previous plea of not guilty. Pursuant to a negotiated plea, appellant pled no contest to the offense charged in count I and admitted the arming allegation. All remaining charges in this and another case (No. 14626-C) were to be dismissed.

On September 8, 1987, the court sentenced appellant to an aggregate term of four years (upper base term of three years, plus one year for the arming enhancement). The court suspended execution of sentence and placed appellant on four years probation with conditions including a $200 restitution fine. The court dismissed the other pending charges.

*No. 16084-C.* By information filed March 30, 1989, appellant was charged with having committed the following offenses on March 1, 1989: (1) possession of methamphetamine, with use of a firearm (Health & Saf. Code, § 11377, subd. (a), Pen. Code, § 12022.5); (2) possession of heroin with use of a firearm (Health & Saf. Code, § 11350, Pen. Code § 12022.5); (3) possession of a firearm by a felon (Pen. Code, § 12021); (4) misdemeanor carrying a loaded firearm in a vehicle (Pen. Code, § 12031, subd. (a)); and possession of a hypodermic needle or syringe (Bus. & Prof. Code, § 4149).

On April 24 and June 27, 1989, the trial court found that appellant had violated his probation in No. 14264-C in that he "failed to obey all laws, and . . . to abstain from the use of alcohol/drugs . . . ."

On May 15, 1989, the time for trial in No. 16084-C, pursuant to negotiation appellant changed a former plea of not guilty to a plea of no contest on count I, and the court dismissed the other charges and struck the enhancement in count I.

On June 27, 1989, sentencing hearing was held on both cases. In No. 14264-C the court ordered executed the previously suspended four-year sentence. In No. 16084-C, the court denied probation and sentenced appellant to the upper term of three years, to run concurrently with the sentence in No. 14264-C. The trial court also ordered appellant to pay a restitution fine of $250. This appeal was taken from both judgments.

## The Facts

The facts and the validity of the search are not in issue on appeal. According to the probation report in No. 16084-C, appellant was a passenger in an automobile subjected to a routine traffic stop. An officer saw appellant reach down under the seat. When the officer searched that area he found a loaded .357 revolver. A further search revealed a baggie of white powdery substance in appellant's pocket, heroin in a matchbook in appellant's jacket, and methamphetamine in appellant's wallet. A brown paper bag in the back-seat contained syringes, and bullets for the weapon.

## Discussion

On May 15, 1989, when appellant changed his plea in case No. 16084-C, the district attorney and the court thoroughly voir dired him on his rights, his waiver of those rights, and on the consequence of his plea. No one mentioned a restitution fine. The probation report dated June 21, 1989, concluded with a recommendation of a state prison sentence and that appellant be ordered to pay a $250 restitution fine. Upon sentencing appellant the court stated, "The defendant shall make a restitution fine in the amount of two hundred fifty dollars as provide[d in] Government [Code] section 13967." Appellant did not object. ■ He now contends that the fine must be stricken for two closely related reasons; namely, because imposition of the fine was not negotiated as part of the plea bargain and because he was not advised of the fine as a consequence of his plea.

Penal Code section 1202.4 provides in part: "In any case in which a defendant is convicted of a felony, the court shall order the defendant to pay a restitution fine as provided in subdivision (a) of Section 13967 of the Government Code . . . . However, if the court finds that there are compelling and extraordinary reasons, the court may waive imposition of the fine."[1]

In *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086], the Supreme Court held, "In all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction . . . ." The questions whether imposition of a restitution fine is a consequence of a guilty plea of which the defendant must be advised and whether a restitution fine can be imposed if it was not expressly covered

---

[1] Government Code section 13967, subdivision (a), provides in part: "Upon a person being convicted of any crime in the State of California, the court shall, in addition to any other penalty provided or imposed under the law, order the defendant to pay restitution in the form of a penalty assessment . . . ."

in plea negotiations have been answered differently in five appellate decisions. We examine them chronologically.

*Previous Decisions*

In the leading case of *People* v. *Oberreuter* (1988) 204 Cal.App.3d 884 [251 Cal.Rptr. 522] (Fourth Dist., Div. One), the point was squarely raised and decided. The defendant contended that the restitution fine should be stricken "because it was not part of the plea bargain and he was not advised a fine could be imposed as possible punishment before he entered his plea." (*Id.*, at p. 888.) The Court of Appeal agreed, holding that "a restitution fine, like any other penal consequence, may not be imposed on a plea-bargain participant where it was not included in the negotiated agreement." (*Ibid.*) The court struck the fine of almost $7,000. (*Id.*, at p. 890.) The court rejected the People's position which was based on the fact that defendant had signed a waiver on the change of plea form which stated that he understood the court could impose restitution. Justice Benke dissented from the holding on that point and because the restitution was statutorily mandated. (*Id.*, at pp. 890-893.)

In *People* v. *Robinson* (1988) 205 Cal.App.3d 280 [252 Cal.Rptr. 202], the court expressed a similar view, but in dictum. Defendant entered into a negotiated plea, received the agreed upon term and was ordered to pay a $5,000 restitution fine. Defendant contended that "the trial court erred in failing to inform him of the pecuniary consequences of his plea . . . ." (*Id.*, at p. 282.) The justices of Division Four of this appellate district agreed. Citing *Bunnell* and other authority, the court stated, "This judicially mandated rule of criminal procedure encompasses only primary and direct consequences of a defendant's impending conviction as contrasted with secondary, indirect or collateral consequences. [Citation.] Since a restitution fine or order flows directly from conviction of the felony, we hold, consistent with *Bunnell*, that the trial court must advise a defendant of this penal consequence." (*Ibid.*) The court went on, however, to dismiss the appeal because defendant had failed to obtain a certificate of probable cause. (*Id.*, at pp. 282-283.)

*People* v. *Davis* (1988) 205 Cal.App.3d 1305 [252 Cal.Rptr. 924], addressed both aspects of the issue. That is, defendant argued both that the fine was not part of plea bargain and that he was not advised of the consequences of his plea. The Fifth District rejected these claims, expressly disagreeing with the *Oberreuter* holding. The court relied on cases which had dealt with the question of whether plea bargains could include implied terms from a silent record. In *In re Chambliss* (1981) 119 Cal.App.3d 199 [173 Cal.Rptr. 712], for example, the trial court failed to tell a defendant

that he would be subject to a period of parole after his agreed-upon prison term. The appellate court stated that there was no promise or mutual understanding between defendant and the court and prosecutor, and the court held that the trial court's silence did not amount to a promise of a parole-free release. (*People v. Davis, supra*, 205 Cal.App.3d at p. 1308.)

The *Davis* court acknowledged that there are very limited situations in which policy considerations demand that a plea agreement term be implied from a silent record. These, the court said, were articulated in *People v. Arbuckle* (1978) 22 Cal.3d 749, 756-757 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171] [if plea leaves judicial discretion at sentencing, defendant deemed to have negotiated for imposition of sentence by same judge who accepts plea] and in *People v. Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396] [implied term that defendant will not suffer adverse sentencing consequences from facts underlying a dismissed count]. The *Davis* court found no similar policy reasons present in the case before it. On the contrary, the court found that the public policy expressed in the passage of Proposition 8 and codified in Penal Code section 1202.4, mandating imposition of a restitution fine was too substantial to permit reliance on silence in the record as an agreement to waive the fine. (*People v. Davis, supra*, 205 Cal.App.3d at p. 1309.)

The *Davis* court went on to hold that the imposition of a restitution fine is a direct consequence of a guilty plea and that therefore the trial court erred when it failed to advise defendant of it. (205 Cal.App.3d at p. 1310.) However, defendant conceded that the error was not of constitutional magnitude and that reversal was only required if he could show prejudice. The court found no prejudice because the case against defendant was strong, because the probation report recommended the restitution fine of $100, and because defendant did not seek to withdraw his plea on that basis. The court opined that defendant would not have made a different choice had he known about the fine. The judgment was affirmed. (*Id.*, at p. 1311.)

In *People v. Ross* (1990) 217 Cal.App.3d 879 [265 Cal.Rptr. 921], Division Five of this appellate district noted the holding in *Davis* but followed *Oberreuter* and held that the restitution fine could not properly be imposed where it had not been included in the negotiated agreement. It also adopted *Oberreuter*'s remedy for the error which was to uphold the conviction but to strike the fine. This was deemed appropriate because where the defendant had completed a substantial portion of the prison term, permitting defendant to withdraw the guilty plea could not restore the presentence status. (*Id.*, at pp. 886-887.)

Finally, in *People v. Melton* (1990) 218 Cal.App.3d 1406 [267 Cal.Rptr. 640] [Fourth Dist., Div. Two], the trial court accepted pleas from two

codefendants pursuant to negotiated dispositions, and, at the time of sentence the court imposed restitution fines of $5,000, pursuant to a recommendation on the probation report. (*Id.*, at pp. 1407-1408.) The court acknowledged the holdings in *Oberreuter* (a fine could not be imposed where not agreed to) and in *Davis* (refusing to strike the fine or permit defendant to withdraw his plea), but found neither holding directly applicable to the facts before it. (*Id.*, at p. 1408.)

The *Melton* court conceded the possibility that a plea bargain silent on the issue of the restitution fine might not impose a legal limitation on the power of the court to impose it, but it also observed that a guilty plea could properly be taken only if the defendant is advised of the direct penal consequences of the plea, including the court's power to impose a fine. In any event, the dispositive fact and holding of the court in *Melton* were "that any error was waived by defendants' failure to object at the sentencing hearing, [because] the imposition of a fine was recommended in the probation report . . . ." (218 Cal.App.3d at p. 1408.) The court relied on the general rule that the defendant's failure to point out any inaccuracies or omissions in the probation report constitutes a waiver of any error. The court held that defendant's silence in the face of both the probation report, with which counsel was familiar, that the trial court's subsequent order constituted a waiver of any error and of any claim for relief. (*Id.*, at p. 1409.)

*This Case*

Here, as in the above cases, the trial court did not advise appellant of the possibility of a restitution fine when it accepted his plea and nowhere does it appear that the point was discussed with appellant in plea negotiations. However, like the defendant in *Melton*, appellant was theoretically put on notice when the probation officer expressly recommended the restitution fine in the written probation report. The People would have us decide the case and find a waiver of both the requirements of a valid plea negotiation and the requirements for a valid taking of a guilty plea, on that bit of information. We decline to do so. Although the right to be apprised of the restitution fine in plea negotiations and as a consequence of the plea does not rise to the level of a fundamental constitutional right, all the cases agree that it is a matter of which appellant is entitled to be apprised. We hold that the mere appearance of a recommendation in a probation report, which appellant may or may not have seen and of which he may or may not have been aware, is an insufficient basis for upholding the restitution fine. Like our colleagues in Divisions Four and Five of this appellate district, we believe that *Oberreuter* was correctly decided and we recall that in that case the defendant even signed a waiver which included a warning that

restitution might be imposed. (*People* v. *Oberreuter, supra*, 204 Cal.App.3d at pp. 888-889.)

We believe that the only other case in favor of the People on this point is built on faulty logic and a double negative. The *Davis* court begins with the well-established proposition that a term will not be implied from silence in plea negotiations. It then relies on that proposition to refuse to imply a term of "no-restitution fine." In fact what the *Davis* court did was to itself imply from silence a condition that there *will* be a restitution fine. We do not agree with that decision. We agree with *Oberreuter* and *Ross* that the correct result in a case such as this is to strike the fine.

### Disposition

The judgment in No. 14264-C is affirmed. The judgment in No. 16084-C is modified by striking therefrom the provision that appellant shall pay a restitution fine. As modified, the judgment in No. 16084-C is affirmed.

Merrill, J., and Strankman, J., concurred.