[No. A047950. First Dist., Div. One. Nov. 15, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN THOMAS GLENNON, Defendant and Appellant.

**COUNSEL**

Jerrold M. Ladar and Erik Sivesind for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEIN, J.**—The sole issue raised by this appeal is whether a restitution fine of $10,000 should be stricken because the trial court failed to advise appellant of the fine prior to accepting his plea of no contest. We conclude that although appellant has failed to show that he was prejudiced by the court's failure to so advise, he must be given the opportunity to withdraw his plea.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was the purchasing manager for the biochemistry and biophysics departments of the University of California at San Francisco. Utilizing his own outside company, appellant engaged in a number of fraudulent sales to the university which were accomplished by means of appellant's position as purchasing manager.

Prior to the preliminary hearing, appellant pleaded no contest to the charge that he misappropriated over $300,000 in state funds over a period of 10 years while employed by the university. (Pen. Code, § 424, subd. 1.) He also admitted the special allegation that the amount taken was over $100,000 thereby exposing himself to an additional two-year term. (Pen. Code, § 12022.6, subd. (b).)

Prior to entering this plea, appellant was advised of and waived his constitutional rights.[1] After he was advised of the range of punishment for the offense, the applicable parole period, and the consequences of a revocation of parole, appellant entered a plea of no contest to all charges. This plea was "open to the court" and was not the result of negotiations with the prosecutor; however, the sentencing judge had indicated that a two-year prison term appeared to be an appropriate disposition. The requirement of a restitution fine was not mentioned.

Even though this was not a negotiated plea, appellant was advised that his plea was not binding on the court and, if the sentencing judge withdrew

---

[1] Specifically, defense counsel stated that she had advised appellant of his privilege against self-incrimination, his right to a jury trial, and his right to confront and cross-examine witnesses. Counsel further stated on the record that she and appellant had discussed the elements of the charges against him and his right to a preliminary hearing.

his approval of the indicated disposition, he would be allowed to withdraw his plea.

Appellant was thereafter sentenced to the mitigated term of two years in prison for the reason that he acknowledged his guilt at an early stage in the proceedings. A two-year term for the special allegation was imposed but stayed because of appellant's lack of a prior criminal record. The court also imposed a restitution fine of $10,000, as required by Government Code section 13967, subdivision (c). Appellant did not object to the fine at the time of sentencing.

## DISCUSSION

This appeal is taken only from the sentence. Appellant does not challenge the validity of his plea of no contest. ■ Since the restitution fine was a direct consequence of the plea, appellant should have been informed of the possibility of a fine prior to entry of his plea. Appellant, having served a substantial portion of his sentence, asks that the fine be stricken.[2]

■ The improper imposition of a restitution fine can result from two distinct situations. Thus, a fine may exceed the permissible punishment allowed by the terms of a negotiated disposition, or it may have been imposed after a failure to advise the defendant that the fine was a consequence of a guilty plea. (*People* v. *Davis* (1988) 205 Cal.App.3d 1305, 1308-1310 [252 Cal.Rptr. 924].) In cases involving breach of the terms of a plea bargain, constitutional issues of due process are raised, and the bargain may be enforced or the plea may be withdrawn depending on the facts of the case. (*People* v. *Mancheno* (1982) 32 Cal.3d 855, 860-861 [187 Cal.Rptr. 441, 654 P.2d 211].) In such situations, waiver is not presumed from a failure to object at the time of sentencing. (*Id.*, at p. 864; but see *People* v. *Davis, supra*, 205 Cal.App.3d 1305; *People* v. *Melton* (1990) 218 Cal.App.3d 1406 [267 Cal.Rptr. 640].) Also, the harmless error test of *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243], is inapplicable. (*People* v. *Mancheno, supra*, 32 Cal.3d at p. 866.)

In the situation where the plea is left open regarding sentencing, and the claim is only that the court failed to advise the defendant of the fine, no constitutional issue is involved. (*In re Ronald E.* (1977) 19 Cal.3d 315, 320-

---

[2] In support of this request, appellant cites *People* v. *Ross* (1990) 217 Cal.App.3d 879, 886 [265 Cal.Rptr. 921], and *People* v. *Oberreuter* (1988) 204 Cal.App.3d 884, 888 [251 Cal.Rptr. 522]. Those cases were based on written agreements which did not include fines among the specified penalties that could be imposed. Since there was no agreement regarding any possible penalties in appellant's case, there is no issue raised of breach of an implied term in a plea bargain.

321 [137 Cal.Rptr. 781, 562 P.2d 684].) "Unlike an uninformed waiver of the specified constitutional rights which renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused. [Citation.]" (*Id.*, at p. 321.)[3] Thus, it is appropriate, in such cases where there is no evidence of breach of the plea agreement, to deny relief unless the error is shown to be prejudicial. (*In re Ronald E., supra,* 19 Cal.3d at p. 321; *People* v. *Wagoner* (1979) 89 Cal.App.3d 605, 611 [152 Cal.Rptr. 639]; *In re Chambliss* (1981) 119 Cal.App.3d 199, 202-203 [173 Cal.Rptr. 712].) A showing of prejudice requires the appellant to demonstrate that it is reasonably probable he would not have entered his plea if he had been told about the fine. (*In re Ronald E., supra,* 19 Cal.3d at pp. 325-326; *In re Yurko* (1974) 10 Cal.3d 857, 864-865 [112 Cal.Rptr. 513, 519 P.2d 561]; *People* v. *Caban, supra,* 148 Cal.App.3d at pp. 711-712; *People* v. *Wagoner, supra,* 89 Cal.App.3d at p. 611.)

■ Although appellant claims that he was prejudiced by the $10,000 fine, he points to no facts in the record to indicate the nature of this prejudice. Appellant has not contended that he would have entered a different plea if he had been advised of the restitution fine. He did not move to withdraw his plea when the fine was imposed by the sentencing judge and he has expressly declined to challenge his plea on this appeal.

Absent any indication to the contrary, and in light of appellant's express denial of a desire to withdraw his plea, we do not believe it is reasonably probable that appellant would have withdrawn his plea and faced up to four additional years in prison if he had been informed of the fine. In addition, it is far from certain that the court would have imposed the minimum sentence without the large fine. We cannot allow appellant to retain one portion of his sentence and discard another after he has received the benefit of a mitigated term. We, therefore, conclude that the court's failure to advise appellant of the fine was harmless error and would affirm the judgment. We are, however, concerned that when appellant entered his plea he was advised that he could withdraw it if the indicated disposition was not the

---

[3] "While an uninformed waiver of defendant's constitutional rights to a jury trial, to confront witnesses and against self-incrimination '. . . renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside only if the error is prejudicial to the accused.' [Citations.] This is so because advisement regarding the consequences of a plea or admission is not constitutionally compelled but constitutes 'a judicially declared rule of criminal procedure.' [Citation.]" (*People* v. *Caban* (1983) 148 Cal.App.3d 706, 711 [196 Cal.Rptr. 177]; see also *People* v. *Wright* (1987) 43 Cal.3d 487, 494-495 [233 Cal.Rptr. 69, 729 P.2d 260].)

sentence imposed. Although this advice was unnecessary since the plea was not the result of a negotiated agreement, we will remand the case to the superior court to allow appellant the opportunity to withdraw his plea. Should appellant fail to so move within 30 days of the filing of the remittitur, the judgment is affirmed.

Racanelli, P. J., and Newsom, J., concurred.