[Crim. No. 17623. First Dist., Div. Three. Mar. 23, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES DOUGLAS SIMPSON, Defendant and Appellant.

**Counsel**

James M. Hollabaugh, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and J. Patrick Collins, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**FEINBERG, J.**—On appeal from judgments of conviction for burglary, appellant contends that the trial court abused its discretion in imposing the upper term under the Determinate Sentencing Act (DSL). In particular, it is argued that the court erred in finding as circumstances in aggravation (1) that appellant was going to receive concurrent terms, and (2) that appellant's prior record was poor. It is further argued that the court failed to consider as circumstances in mitigation (1) that the crime was minor, and (2) that appellant's conduct was partially excused and his culpability reduced by alcoholism. ██ ██ We conclude that the judgments must be reversed because the court erred in three respects: (1) Under the peculiar facts of this case the court improperly considered the fact that appellant would receive concurrent terms as a circumstance in aggravation; (2) The court failed to consider appellant's alcoholism as a mitigating factor; and (3) The court, in fact, viewed appellant's alcoholism as an aggravating factor.

In two separate actions appellant pled guilty to burglary of the same liquor store in Santa Cruz. The probation report in action No. 62648 states that shortly after midnight on May 30, 1977, appellant and a drinking companion, having consumed one-half gallon of wine, broke into Butler's Liquor Store and took three half gallons of whiskey, several cartons of cigarettes, and a few six packs of beer. Appellant admitted the crime, attributed his troubles to alcoholism and stated that he would like to undergo treatment for that problem. He pled guilty to burglary and received three years' probation with conditions including that he serve nine months in county jail and participate in alcoholic counseling programs. Within two months, probation was summarily revoked because appellant escaped from the sheriff's rehabilitation facility. Ten weeks after his escape appellant again burglarized Butler's Liquor Store, giving rise to action No. 63728. Appellant explained to the probation officer that again he was drunk when he committed the crime, having shared about 10 quarts of beer and a fifth of rum with his companion. They then broke the front window of the liquor store and took a quantity of liquor and cigarettes. Police followed a trail of broken bottles leading from the store, recalled the previous incident, and found appellant hiding in the same place he had been when apprehended on May 30.

In its supplemental report prepared after the second crime, the probation department recommended that appellant be sentenced to state prison for the term provided by law in action No. 62648 (under the Indeterminate Sentence Law (ISL)), and for the maximum term in action No. 63728 under the DSL. On November 9, 1977, the court pronounced judgments and sentenced appellant to prison in accord with these recommendations, the terms to run concurrently. (A third action was dismissed on motion of the district attorney.) Appellant filed timely notice of appeal from the two judgments.

At the beginning of the sentencing hearing of November 9, 1977, the court stated that it was considering two issues—whether the two prison sentences should run concurrently, and whether the base term in action No. 63728 should be fixed at the middle, upper, or lower level. When counsel agreed that the prison sentences had to run concurrently under the terms of the plea bargain in action No. 63728, the focus of the hearing shifted to the second issue.[1]

---

[1]Defense counsel conceded that appellant probably could not qualify for probation based upon the facts contained in the probation report and the rules applicable to those facts. Counsel on appeal does not contend otherwise. The trial court denied probation because of appellant's prior unsatisfactory performance on probation. (Cal. Rules of Court, rule 414 (d) (2).)

Second degree burglary is punishable by imprisonment in county jail not exceeding one year, or in state prison for sixteen months, two or three years. (Pen. Code, §§ 18, 461.) In sentencing appellant to prison for this offense, the court was required to impose the middle term unless it found circumstances in aggravation or mitigation. In determining whether there are such circumstances, a trial court must look to the record of the case, the probation report, statements of counsel, and other relevant data. In all cases the court is required to apply the rules of the Judicial Council. (Pen. Code, § 1170, subds. (a)(2), (b).)[2]

## CIRCUMSTANCES IN AGGRAVATION

The probation report cited no circumstances in mitigation but three circumstances in aggravation: (1) that appellant would receive concurrent sentences; (2) that appellant's record showed numerous crimes related to property; and (3) that appellant's prior performance on probation was unsatisfactory. The report cited these applicable sentencing rules of the Judicial Council found in the California Rules of Court:

Rule 421(a)(7): "Circumstances in aggravation include: (a) Facts relating to the crime, including the fact that: . . . (7) The defendant was convicted of other crimes for which consecutive sentences could have been imposed but for which concurrent sentences are being imposed."

Rule 421(b)(2) and (5): "Circumstances in aggravation include: . . . (b) Facts relating to the defendant, including the fact that: . . . (2) The defendant's prior convictions as an adult or adjudications of commission of crimes as a juvenile are numerous or of increasing seriousness. . . . (5)

---

[2]Penal Code section 1170, subdivision (a)(2), provides in part: "In sentencing the convicted person [to prison], the court shall apply the sentencing rules of the Judicial Council."

Penal Code section 1170, subdivision (b), provides in part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime. . . . In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports . . . and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term. . . ."

The defendant's prior performance on probation or parole was unsatisfactory."[3]

In applying these rules the court may select the upper term only if circumstances in aggravation are established by a preponderance of the evidence and outweigh circumstances in mitigation. The court is required to give the facts and reasons for selecting the upper term. (Cal. Rules of Court, rule 439(b), (c); *People* v. *Nelson* (1978) 85 Cal.App.3d 99 [149 Cal.Rptr. 177], hg. den.) The court cited two circumstances in aggravation when it selected the upper term: (1) that appellant was receiving concurrent terms pursuant to the plea bargain (Cal. Rules of Court, rule 421(a)(7), *supra*); and (2) that appellant's record showed numerous crimes related to property (Cal. Rules of Court, rule 421(b)(2), *supra*). The propriety of the court's findings will be examined in turn.

### (1) *Concurrent Sentences*

Appellant contends that the trial court erred in viewing the fact he was to receive concurrent terms as a circumstance in aggravation under rule 421(a)(7). The point is well taken. The rule permits a finding of a circumstance in aggravation where the "defendant was convicted of other crimes for which consecutive sentences *could have been imposed* . . . ." (Cal. Rules of Court, rule 421(a)(7); italics added.) This was not such a case. Pursuant to the plea bargain in the action in question (No. 63728), appellant entered a plea of guilty to second degree burglary with the understanding that any sentence imposed "will run concurrent" with any sentence imposed for probation violation in action No. 62648. The court, having approved the plea bargain, could not sentence appellant to a punishment more severe than that specified in it and could not proceed as to such plea other than as specified therein. (Pen. Code, § 1192.5.) Thus, because of the bargain, this was not a case in which consecutive sentences "could have been imposed." (See *People* v. *Ramos* (1972) 26 Cal.App.3d 108, 110-111 [102 Cal.Rptr. 502]; see also *In re Troglin* (1975) 51 Cal.App.3d 434 [124 Cal.Rptr. 234]; cf. *In re Gray* (1978) 85 Cal.App.3d 255 [149 Cal.Rptr. 416].)[4] The trial court therefore erred in applying rule 421(a)(7). Because reversal is required for reasons discussed

---

[3]In *People* v. *Cheatham* (1979) 23 Cal.3d 829 [153 Cal.Rptr. 585, 591 P.2d 1237], the Supreme Court upheld the validity of California Rules of Court, rules 421(b) and 423(b), providing for consideration of facts relating to the defendant as circumstances in aggravation or mitigation of a crime.

[4]In light of our holding we need not reach the second issue which counsel briefed upon our request—if this is a case in which consecutive sentences could have been imposed, before accepting appellant's plea of guilty should the court have advised him of the possibility of enhancement under rule 421(a)(7) as one of the consequences of his guilty

below, we decline to address the People's claim that this error was harmless.

## (2) *Prior Record*

The trial court cited as the other circumstance in aggravation the fact that appellant's record showed "numerous crimes related to property." Rule 421(b)(2), to which the court specifically referred, provides that a circumstance in aggravation can be found where defendant's juvenile and/or adult record reflects crimes which are numerous or of increasing seriousness. ▇ Upon reviewing appellant's record, which we summarize in the margin,[5] we find no error in the trial court's application of this rule. Appellant attacks the court's ruling on two bases. First, he argues that in referring to the fact that he had suffered numerous priors "related to property," the court was introducing a criterion not listed in the sentencing rules. The People's answer to this contention is well reasoned, and we adopt it. It is clear that the court's recognition of the type of prior crimes was of little moment. The point is that his five prior crimes (two petty thefts, joyriding, grand theft, and burglary) were sufficiently numerous, and of increasing seriousness, to justify application of the rule in question.

Second, appellant proposes that his priors were not "numerous," citing such dictionary definitions as "very many; forming a great number," and urging that five, by any definition, is not numerous. In the abstract five as a quantity may not indicate "very many" or "a great number," but when it is applied to prior criminal adjudications, common sense dictates that it is more than ample to justify application of the rule. If the law were to suppose otherwise, then as Mr. Bumble remarked, "the law is a ass, a idiot."

---

plea? (See *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]; *People* v. *Ramos, supra,* 26 Cal.App.3d 108.)

[5]The probation report summarized the relevant facts. Appellant was on probation as a minor. After having been found to have committed two counts of petty theft, appellant was placed in his home pending a vacancy at Boys Republic. After being placed there at age 16, he ran away but was picked up on a drunk charge. He was placed there again, but again ran away. Wardship terminated when he entered the army. While AWOL he stole a car and was found by the juvenile court to have committed misdemeanor joyriding. He was released to the army.

Just before his 19th birthday, while AWOL again, appellant stole a car in San Diego in which the woman owner was seated; he drove to Oceanside where he stole a purse after knocking the victim to the ground, engaged in a high-speed chase, hit a light pole with the stolen car, and was apprehended by police. At the time he was wanted in Los Angeles for car theft and a purse snatch.

One year and ten months later he was paroled from CYA on a charge of grand theft from the person. Less than 18 months later the current offenses (two burglaries and an escape) occurred.

Furthermore, the word "numerous" must be interpreted in the context of the sentencing rules, and the provision in question should be contrasted with the wording that describes a good record for purposes of mitigation: "[Defendant] has no prior record or an insignificant record of criminal conduct considering the recency and frequency of prior crimes." (Cal. Rules of Court, rule 423(b) (1).) When viewed in this context, the trial court's finding that appellant's priors were "numerous" was not only proper, it was compelled. In any event, the priors also appear to be of "increasing seriousness," and under the plain meaning of the language of the rule this fact alone supports a finding of circumstance in aggravation.[6]

### CIRCUMSTANCES IN MITIGATION

Appellant claims that the court failed to consider two circumstances in mitigation, which will be considered in turn.

(1) *The Minor Nature of the Offense*

Rule 423(a)(6) provides that circumstances in mitigation include that "The defendant exercised caution to avoid harm to persons or damage to property, or the amounts of money or property taken were deliberately small, or no harm was done or threatened against the victim." Appellant proposes that the crime was "minor by today's standards," in that he and his companion took "only" $250 worth of cigarettes and liquor and broke a $120 window. It is suggested that appellant could have done considerably more damage by smashing other things and that he could have "cleaned out" the store with the help of friends. The police report reveals that appellant and his crime partner took more than 50 items, mostly cigarettes and liquor, and that they broke a $121 window. ■ The record cannot be read as supporting a finding of circumstances in mitigation under the above quoted rule; no error appears in this regard.

(2) *Appellant's Alcoholism*

Inexplicably the probation report listed "none" under the heading "Circumstances in Mitigation." A review of the several probation reports in the record before us indicates without question that appellant is

---

[6]We note that trial counsel attacked the court's reliance on rule 421(b)(2) on the additional ground that it was also a reason for denying probation under rule 414(d)(1). However, the court did not invoke the latter rule in denying probation. Further, as urged by the People, even if it had done so it would have acted properly. Rule 441(a) provides that the same factor may be used to deny probation and to aggravate the sentence.

suffering from alcoholism, that he gets into trouble when he drinks, and that in the cases under consideration he twice broke into a liquor store while drunk with the apparent goal of obtaining even more alcohol.

The People concede that appellant's alcoholism is covered by the rules defining circumstances in mitigation,[7] but argue that the circumstances in aggravation outweighed this single mitigating circumstance. ▮ The court, however, did not take into account appellant's alcoholism as a mitigating circumstance and therefore cannot be viewed as having exercised its discretion or as having weighed the circumstances. For this reason the judgment must be reversed.

Rule 409 provides that the sentencing judge must consider the relevant criteria enumerated in the rules and that the court shall be deemed to have considered them unless the record affirmatively reflects otherwise. The record before us not only reflects that the trial court did not consider the mitigating circumstance but that in fact it considered appellant's alcoholism as an aggravating circumstance, even while it recognized that its doing so was not provided for in the rules which it was required to apply.[8]

---

[7] Rule 423(a)(4) provides: "Circumstances in mitigation include: (a) Facts relating to the crime, including the fact that . . . (4) The defendant participated in the crime under circumstances of coercion or duress, or his conduct was partially excusable for some other reason not amounting to a defense."

Rule 423(b)(2) provides that circumstances in mitigation include facts relating to the defendant, including the fact that "The defendant was suffering from a mental or physical condition that significantly reduced his culpability for the crime." (See *ante*, fn. 3.)

[8] At the sentencing hearing defense counsel argued that appellant's alcoholism was a mitigating circumstance, citing the appropriate rules. (See *ante*, fn. 7.) The court's response was, "All this sounds good, but it's very technical. . . . I realize . . . that the Judicial Council provide all these rules for the determinate sentencing law. But when you get right down to it, . . . in my mind it comes down to a question of: *is he such an alcoholic that he's likely to repeat* when he gets out? I mean, *that's not one of the rules.*" (Italics added.)

Defense counsel asked for clarification, and the court repeated its thought several times, e.g., "I'm going to send him to prison because he didn't make it the first time around. But *should you aggravate the sentence because of the acute alcoholism* makes him extremely likely to repeat?" (*Sic*; italics added.)

Counsel argued that appellant was not a serious criminal, but was "simply a drunk." The seriousness of the crime was discussed, and the court again posed its question about aggravating the term because appellant was likely to repeat his crime when released. Defense counsel attempted to draw an analogy to other drug abusers who repeatedly commit property-related crimes, noting that they would have the same kind of record as appellant, i.e., no job, poor employment skills, poor record. The court's response was that these people too would receive aggravated terms "based on that. I think the question really is the extent of the addiction."

After argument by the district attorney on the circumstance in aggravation regarding concurrent sentences, the court pronounced sentence as follows, "I'm satisfied that the

The court erred. While it is true that intoxication caused by alcoholism does not excuse the commission of a crime (e.g., *People* v. *Wyatt* (1972) 22 Cal.App.3d 671, 677-678 [99 Cal.Rptr. 674]; 1 Witkin, Cal. Crimes, § 143), it has long been recognized by this court that many alcoholics are disabled in the literal sense, are precluded from holding a job, need encouragement, are distressed, are dependent, and need assistance. (*Rosas* v. *Montgomery* (1970) 10 Cal.App.3d 77, 89-90 [88 Cal.Rptr. 907, 43 A.L.R.3d 537].) It follows that before sentencing an alcoholic defendant under the DSL, the trial court must consider the possibility that his alcoholism is a circumstance in mitigation within the meaning of rule 423, and must then weigh this factor along with the other relevant circumstances. (See *Jacobs* v. *California Unemployment Ins. Appeals Bd.* (1972) 25 Cal.App.3d 1035, 1039 [102 Cal.Rptr. 364].)

The judgments are reversed and the causes remanded for resentencing in a manner consistent with the views expressed herein.

White, P. J., and Halvonik, J., concurred.

---

term should be aggravated in this case for the reasons that I've stated; and I don't think they're present in all cases, but if those same reasons are present in other cases, I think it may justify an aggravation in the other cases." The court then specified two reasons for aggravation—the concurrent sentence and the numerous priors, citing the appropriate rules.