Filed 7/31/14  P. v. Alamo CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065827 |
| v. | (Super. Ct. No. 10CM2603) |
| ERNESTO ALVARADO ALAMO, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert Shane Burns, Judge.

Jonathan E. Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P.J., Franson, J., and Peña, J.

Appellant, Ernesto Alvarado Alamo, pleaded no contest to felony child endangerment (Pen. Code, § 273a, subd. (a)) and misdemeanor driving with a blood alcohol content of .08 percent or higher (Veh. Code, § 23152, subd. (b)). The court imposed the six-year upper term on the former offense and a concurrent 180-day term on the latter.

On appeal, appellant contends the sentencing court, in imposing the upper term, erroneously failed to consider certain circumstances in mitigation. Alternatively, appellant argues that if this claim is deemed forfeited by counsel's failure to urge the sentencing court to consider those mitigating factors, such failure deprived appellant of his constitutional right to the effective assistance of counsel. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Instant Offenses

Shortly before 8:10 p.m. on June 13, 2010, Hanford Police Officer Oscar Cavazos observed a pickup weaving, nearly striking a raised curb twice and straddling two lanes. Appellant was the driver. After observing the vehicle for two or three minutes, the officer stopped the vehicle. As Cavazos approached on foot, he saw that another man, Sergio Acosta, was sitting in the front passenger seat, holding his 20-month-old child. There was a child safety seat in the back part of the truck's cab.

Upon speaking to appellant, Cavazos observed that appellant's speech was slurred, he had red, watery eyes, and he smelled strongly of alcoholic beverage. Appellant stated he had consumed five or six beers. It was stipulated for purposes of the preliminary hearing that appellant's blood alcohol content was .23 percent.

In response to questioning by the officer, Acosta stated he removed the child from the safety seat as they were traveling because the child was crying.

### Additional Factual Background

Appellant was sentenced in September 2012. Between August 2004 and May 2012, he suffered two misdemeanor convictions of violating Vehicle Code section 23152,

2

subdivision (b), two misdemeanor convictions of violating Vehicle Code section 23152, subdivision (a) (driving while intoxicated), two convictions of driving without a license (Veh. Code, § 12500, subd. (a)), and one conviction of driving with a suspended license (Veh. Code, § 14601.5). Also during this time period he received three grants of five years' probation.

The report of the probation officer (RPO) lists the following circumstances in aggravation: The 20-month-old victim was particularly vulnerable, appellant was convicted of another offense for which a consecutive sentence could have been imposed but for which the court imposed a concurrent term, appellant's prior convictions are numerous or of increasing seriousness, and appellant's prior performance on probation was unsatisfactory. The RPO lists a single factor in mitigation, viz., appellant "voluntarily acknowledged wrongdoing prior to arrest or at an early stage of the criminal process."

Appellant, who was 38 years old at the time of sentencing, reported that at the age of 21, he began drinking six to eight beers daily and has continued this pattern "until the present time." Appellant considers himself to be an alcoholic.

The RPO recommended imposition of the four-year middle term on the child endangerment conviction and a concurrent 180-day term on the Vehicle Code violation.

*Preliminary Hearing*

At the preliminary hearing in November 2010, defense counsel argued that the charge of felony child endangerment should be reduced to a misdemeanor under Penal Code section 17, subdivision (b) (section 17(b)) on the following grounds: Acosta, as the victim's father, had the "primary responsibility" for endangering the victim. But, although appellant drove the car while intoxicated and was thus, "in a way," the "primary perpetrator," "in [another] way," appellant's responsibility was "secondary" because he "failed to exercise his veto power" over Acosta's act of removing the victim from the safety seat.

3

The court refused to reduce the offense to a misdemeanor but stated, "it is a close call and I do think that to a certain degree it's mitigating as to [appellant] since it's not his child and the father of the child apparently was in the car who should have been exercising primary control."

### Sentencing Hearing

The sentencing hearing was conducted more than 19 months after the preliminary hearing, before the same judge.

Early in the sentencing hearing, the court stated that its "tentative ruling under *People versus Scott*,"[1] was to deny probation and, based on the following, impose the aggravated term of six years on the child endangerment conviction: "[T]he victim being only 20 months old was extremely vulnerable"; appellant's "prior convictions are numerous"; and "his performance on probation has been unsatisfactory."

Defense counsel, offered the opportunity to respond, argued for a grant of probation, asserting that appellant had shown remorse, the instant child endangerment conviction was appellant's first felony conviction, and appellant "admitted his guilt at an early stage in the proceeding."

Counsel concluded his argument with the following: "While [appellant] bears the responsibility for his actions, he shares that responsibility with the father of the child who chose to bring that child into the car while they were driving, and that doesn't mitigate [appellant's] actions in this case, but he does admit to the Court and to probation that what he did was 100 percent wrong, and he would ask the Court instead of sentencing him to state prison, to give him an opportunity to be on probation and to seek treatment for his alcoholism, which he readily admits that he does have an addiction to alcohol, and based on that factor I would ask the Court to mitigate the actions and the violations in this matter."

---

[1] See *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*).

4

Thereafter, the court imposed the upper term, reiterating that it had "found a number of aggravating factors," and had "found no mitigating factors."

## DISCUSSION

### *Claim of Failure to Consider Circumstances in Mitigation*

When, as here, the criminal statute under which the defendant is convicted specifies three possible terms, the decision to impose the upper, middle or lower term rests within the sound discretion of the trial court.  (Pen. Code, § 1170, subd. (b); Cal. Rules of Court, rule 4.420(a).)[2]  In making this selection, "the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision."  (Rule 4.420(b).)  Circumstances in mitigation are listed in rule 4.423, and "[r]elevant criteria enumerated in [the Rules of Court] *must* be considered by the sentencing judge...."  (Rule 4.409, italics added.)  Moreover, circumstances enumerated in the Rules of Court "are illustrative and not exclusive.  Other factors both in aggravation and mitigation should be considered under [former] rule 408(a) [now rule 4.408(a)]."  (*People v. Berry* (1981) 117 Cal.App.3d 184, 193, fn. 4.) "A remand for resentencing is required when the court fails to consider relevant mitigating factors."  (*People v. Kelley* (1997) 52 Cal.App.4th 568, 582 (*Kelley*).)

Appellant first argues that in imposing the upper term, the court erroneously failed to consider "the mitigating factor that the child's father, not appellant, bore the primary responsibility for the danger to the child."  (Unnecessary emphasis omitted.)  Appellant, however, did not raise this point below.  Indeed, as indicated above, he effectively conceded it by telling the court that the fact that it was the father of victim, not appellant, "who chose to bring that child into the car" "doesn't mitigate [appellant's] actions in this case."

---

**2**     All rule references are to the California Rules of Court (Rules of Court).

In *Scott*, *supra*, 9 Cal.4th 331, our Supreme Court held that where there has been a meaningful opportunity to do so, a criminal defendant who fails to object to a "trial court's failure to properly make or articulate its discretionary sentencing choices" cannot raise the claim for the first time on appeal. (*Id*. at p. 353.) Forfeited challenges are those that "involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner." (*Id*. at p. 354.) A meaningful opportunity to object simply means that counsel has the opportunity to address the court on the sentencing issue involved. (*People v. Zuniga* (1996) 46 Cal.App.4th 81, 84.)

Here, appellant failed to object to the court's failure to consider a purported circumstance in mitigation, despite being given the opportunity to do so. His argument on appeal is, in essence, a claim that the court "fail[ed] to properly make ... [a] discretionary sentencing choice[]." (*Scott*, *supra*, 9 Cal.4th at p. 353.) Thus, under *Scott*, appellant's claim of error is forfeited. (*Kelley*, *supra*, 52 Cal.App.4th at pp. 581-582 [under *Scott*, the claim that trial court failed to consider circumstances in mitigation may not be raised for first time on appeal]; see generally *People v. Seijas* (2005) 36 Cal.4th 291, 301-302 [defendant's failure to make a timely and specific objection on the ground asserted on appeal renders that ground not cognizable].)

Appellant argues he is not precluded from raising on appeal the claim the court failed to consider as a circumstance in mitigation his purportedly lesser responsibility for the endangerment of the victim because (1) by arguing for a grant of probation and (2) by countering the court's statement that it found no circumstances in mitigation with argument that certain factors did, in fact, constitute circumstances in mitigation, defense counsel made clear to the court he was challenging the imposition of the upper term. This was sufficient, appellant argues, to avoid the operation of the *Scott* forfeiture rule. We disagree.

"The reason for [the forfeiture] rule is that '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court,

could have been easily corrected or avoided.' [Citations.] '[T]he forfeiture rule ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting the outcome, and then claiming error.'" (*People v. French* (2008) 43 Cal.4th 36, 46 (*French*).)

A general objection to the sentence imposed, or about to be imposed, does not bring to the court's attention the claim that a particular factor should be considered as a circumstance in mitigation. Had appellant made the claim below that he now raises on appeal, any error could have been "'easily corrected or avoided.'" (*French, supra*, 43 Cal.App.4th at p. 46.) A specific objection was required. (*Kelley, supra*, 52 Cal.App.4th at p. 582.)

Appellant also argues reversal and remand for resentencing is required because the court failed to consider appellant's alcoholism as a circumstance in mitigation. We disagree.[3]

Appellant relies in large part on *People v. Simpson* (1979) 90 Cal.App.3d 919 (*Simpson*), where the court held: "[B]efore sentencing an alcoholic defendant under the [Determinate Sentence Law], the trial court *must* consider the possibility that his alcoholism is a circumstance in mitigation within the meaning of [former] rule 423 [now rule 4.423], and *must* then weigh this factor along with the other relevant circumstances." (*Id.* at p. 928, italics added.)

However, in our view, although alcoholism may be a mitigating factor, it is not always a mitigating factor. (*People v. Reyes* (1987) 195 Cal.App.3d 957, 960 (*Reyes*); *People v. Regalado* (1980) 108 Cal.App.3d 531, 538-540 (*Regalado*).) In *Regalado*, the appellate court upheld the "sentencing court's implicit conclusion that defendant's drug

---

**3** We assume, without deciding, that appellant has not forfeited this contention. We note that, as indicated earlier, at the sentencing hearing, defense counsel stated: "[appellant] readily admits that he does have an addiction to alcohol, and based on that factor I would ask the Court to mitigate the actions and the violations in this matter [*sic*]."

7

use did not influence the commission of the burglary to an extent that 'partially excused' its commission[,]" in part because although the defendant's substance abuse problem was a longstanding one, the defendant had failed to take advantage of opportunities to address his problem. (*Regalado*, at p. 539.)

In a similar vein, the *Reyes* court held: "As a policy matter, when a defendant has a drug addiction or substance abuse problem, where the defendant has failed to deal with the problem despite repeated opportunities, where the defendant shows little or no motivation to change his life style, and where the substance abuse problem is a substantial factor in the commission of crimes, the need to protect the public from further crimes by that individual suggests that a longer sentence should be imposed, not a shorter sentence. For example, the felony drunk driver who is suffering from an uncontrolled alcoholism should be sentenced to a longer term, not a shorter one, in order to prevent him from driving under the influence again." (*Reyes*, *supra*, 195 Cal.App.3d at p. 963.)

The *Reyes* court further held: "The error in the *Simpson* decision is that it concluded that if the defendant's mental or physical condition of alcoholism was a substantial factor in the commission of the crime, then it necessarily 'significantly reduced his culpability for the crime' or made the crime 'partially excusable.'" (*Reyes*, *supra*, 195 Cal.App.3d at p. 963.) *Reyes* concluded that *Simpson* was wrongly decided. (*Ibid*.) We agree with *Reyes* and reject the holding in *Simpson* that drug or alcohol addiction is always a mitigating factor.

In the instant case, although the record shows appellant has a longstanding problem with alcohol use and driving while under the influence of alcohol, there is nothing in the record to suggest he has taken any steps to deal with his problem. Thus, appellant has not shown that his alcoholism was a mitigating factor under the circumstances of the instant case. (*Reyes*, *supra*, 195 Cal.App.3d at p. 963; cf. *Regalado*, *supra*, 108 Cal.App.3d at p. 539; see *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978 ["'The burden is on the party attacking the sentence to clearly show

8

that the sentencing decision was irrational or arbitrary'"].)  The sentencing court's conclusion that appellant's alcoholism was not a mitigating factor—a conclusion implicit in its finding that there were no mitigating factors—therefore does not establish that the court failed to consider a relevant mitigating factor.  (See *In re Handa* (1985) 166 Cal.App.3d 966, 973 ["many alleged factors in mitigation are disputable either because … they may not be mitigating under the circumstances of a particular case[, and w]here an alleged factor in mitigation is disputable, *the court may find an absence of mitigating factors* and need not explain the reason for its conclusion" (italics added].)

**Claim of Ineffective Assistance of Counsel**

Appellant argues that if, as we have concluded, defense counsel's failure to argue that appellant's lesser responsibility for the instant felony was a mitigating factor precludes him from raising that claim on appeal, such failure, and counsel's concession of the point, constituted ineffective assistance of counsel requiring reversal.

To establish ineffective assistance of counsel a defendant must establish (1) that his counsel's performance was deficient under an objective standard of professional competency, and (2) that he was prejudiced by such deficient performance, i.e., that there is reasonable probability that, but for counsel's error(s), a more favorable determination would have resulted.  (*People v. Holt* (1997) 15 Cal.4th 619, 703.)  Since the failure of either prong of an ineffective assistance of counsel claim is fatal to establishing the claim, we need not address both prongs if we conclude appellant cannot prevail on one of them. (*People v. Cox* (1991) 53 Cal.3d 618, 656, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)  Here, we express no opinion on the first prong of the required showing, and address only the issue of prejudice.

Appellant argues he was prejudiced by counsel's failures because, at the preliminary hearing almost two years prior, the court stated appellant's section 17(b) argument presented a "close call," and indicated that the fact Acosta "should have been exercising primary control" was "to a certain degree[,] … mitigating."  Appellant asserts

9

that "[t]he only reasonable interpretation" of the record is that at sentencing, the court forgot making these comments and that if defense counsel had raised the same argument at sentencing, it is reasonably probable the court would have remembered, concluded that appellant was less responsible for endangering the victim than Acosta, considered that to be a mitigating factor, and imposed a lesser sentence. We disagree.

In our view, the fact, if it be a fact, that Acosta was more culpable than appellant was not a mitigating factor. Appellant got in his vehicle after drinking five or six beers and, while intoxicated, drove with an infant in the car. Even with the child in a safety seat, this is an extremely reckless act. And, when the danger increased, by Acosta's act of removing the child from the safety seat, appellant kept driving. The mere fact that Acosta may have been more culpable does not reduce the degree of appellant's culpability. (Cf. *Simpson*, *supra*, 90 Cal.App.3d at p. 926 [record did not establish mitigating factor where defendant, convicted of second degree burglary, argued he "could have done considerably more damage by smashing other things and that he could have 'cleaned out' the store with the help of friends"]; see *People v. Reid* (1982) 133 Cal.App.3d 354, 371 [where defendant argued that "his decision to use a toy gun [in committing robberies] created less potential for harm to others than if he had used a loaded real gun," appellate court stated, "While the [trial] court *could* possibly have considered the use of a toy gun as a mitigating factor, it certainly was not *required* to use it as a mitigating factor"].) Assuming for the sake of argument that appellant's purported lesser degree of culpability as urged by appellant could constitute a valid circumstance in mitigation, it would hardly be a compelling one.

Moreover, there were no other mitigating factors[4] and the court found three circumstances in aggravation, all of which are supported by the record. Had counsel

---

**4** The sentencing court rejected defense counsel's argument that appellant, as indicated in the RPO, admitted his guilt at an early stage in the proceeding. Appellant does not challenge this conclusion.

10

argued the additional, at best insignificant, factor urged by appellant, it is not reasonably probable the court would have imposed a less severe sentence.  Therefore, appellant has not established that he was denied his right to the effective assistance of counsel.

Finally, appellant argues that if his claim that the court erroneously failed to consider his alcoholism as a mitigating factor is forfeited by his counsel's failure to raise it below, such failure constituted ineffective assistance of counsel.  Thus far, we have assumed, without deciding, that defense counsel adequately put the sentencing court on notice of his argument regarding appellant's alcoholism as a mitigating factor, and that therefore that argument is properly before us.  But, if we were to reach the forfeiture issue and conclude, as respondent argues, that this claim is forfeited, we would, without deciding whether counsel's performance was objectively reasonable, reject appellant's ineffective assistance of counsel argument on the ground that because, as demonstrated above, the record does not establish that appellant's alcoholism qualifies as mitigating factor, the failure to raise the point cannot be deemed prejudicial.

## DISPOSITION

The judgment is affirmed.

11