Filed 11/25/15  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076369 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F06235) |
| v. | |
| DOUGLAS SMITH, | |
| Defendant and Appellant. | |

Sentenced to the upper term after he pleaded no contest to driving under the influence of alcohol and admitted a similar prior felony conviction, defendant Douglas Smith contends the trial court wrongly disregarded his claim alcoholism was a mitigating factor.  He also requests correction of the abstract of judgment to reflect his conviction for driving with a suspended license is a misdemeanor.  We order the abstract of judgment corrected and otherwise affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

*Defendant's Plea*

A felony complaint charged defendant with driving while under the influence of alcohol (count one; Veh. Code, § 23152, subd. (a)), with a blood-alcohol content of 0.08 percent or more (count two; Veh. Code, § 23152, subd. (b)), and a misdemeanor, driving while his license was suspended for driving while under the influence (count three; Veh. Code, § 14601.2, subd. (a)). As to counts one and two, the complaint alleged defendant had a felony prior conviction for driving while under the influence.

Defendant pleaded no contest to all counts and admitted the felony prior. The prosecutor stated the factual basis for the plea: "On or about September 3rd, 2013, in the County of Sacramento, the defendant was seen driving his vehicle and was stopped for traffic reasons. He admitted to drinking too much; said that the failed sobriety tests would basically be pointless. He was a .22 by breath, .23 by blood. [¶] He does have a prior felony conviction of a violation of Vehicle Code section 23152(a) from February 18th, 2005, in the County of Sacramento. [¶] He was also found to be driving on a suspended license for [the 2005] prior DUI."

*The Probation Report*

The probation report recommended a midterm sentence of two years in state prison. The report identified two circumstances in aggravation: defendant's prior convictions as an adult were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)),[1] and defendant's prior performance on probation was unsatisfactory (rule 4.421(b)(5)). The report found no circumstances in mitigation.

As to defendant's current offense, according to the police report, defendant said he just came from a bar where he consumed five mixed drinks. He told the officer: " 'We

---

[1]    Undesignated references to rules are to the California Rules of Court.

2

both know I am [obscenity], because I had too much to drink and should not have been driving.' "

At the time of the current offense, defendant was out on bail for a driving while under the influence offense in Marin County. His blood-alcohol content in that case was 0.17 percent.[2] The matter was charged as a felony based on defendant's priors (which included the felony driving while under the influence prior conviction alleged here, as well as similar misdemeanors in 2000). Defendant pleaded guilty in Marin County on August 16, 2013. Sentencing was pending when he committed the current offense.

In the 2005 felony driving while under the influence case, defendant was granted five years of formal probation, including the requirements of participating in a drug rehabilitation program and completing a driving while under the influence second offender program called SB-38. So far as the record showed, he did not complete the SB-38 program. On January 12, 2009, defendant's probation officer received verification that defendant was terminated from that program. On a probation home visit in July 2009, defendant was found to possess alcohol and cocaine. He admitted to snorting cocaine a few days earlier and to driving without a valid license. He was arrested and booked for violating probation. His probation was terminated on May 7, 2010.

Defendant's risk to reoffend was assessed as "medium." He showed "very low risk/needs in the areas of companions, leisure/recreation, pro[-]criminal attitude/orientation and antisocial pattern; low risk/needs in the area of family/marital; medium risk/needs in the areas of criminal history and education/employment; and high risk/needs in the area of alcohol/drug problem."

---

[2] At the sentencing hearing, the prosecutor stated she did not file an amended complaint, which alleged an out-on-bail enhancement, because defendant decided to plead before the preliminary hearing.

Defendant was 56 years old. He had a high school education. He was separated, with children, aged 15, 16, and 38. His occupation was "pressure washer." He supported two persons with the income from his employment.

*"Statement in Mitigation and Correction of the Probation Report"*

Defendant requested a suspended three-year sentence and a grant of five years of probation, including alcohol counseling and rehabilitation.[3] He cited two circumstances in mitigation: he acknowledged wrongdoing before arrest (rule 4.423(b)(3)), and his alcoholism was a mental or physical condition that significantly reduced culpability for the crime (rule 4.423(b)(2)). He did not cite authority for the latter proposition.

Defendant conceded the factual basis for the factors in aggravation cited by the probation report, but asserted those factors were "not as aggravating as the Probation Officer claimed in his report to the court."

According to defendant, aside from the statutory circumstances in mitigation, "[t]he most important factor . . . is that he is the single father and sole responsible parent for his fifteen[-]year[-]old daughter [J]." Quoting from letters in defendant's support which are attached to the statement in mitigation, defendant noted he raised J. on his own since infancy. Despite early health troubles, J. had become a high school and club volleyball player. Defendant's life revolved around her. He helped coach her club team and attended every event in which she participated. In the last year, he lost $45,000 in investments due to a business partner's deception, which put him under extreme pressure as J.'s sole provider. In addition to his regular employment, he did many side jobs to help support J. and himself. He also did a great deal of fundraising and charitable work.

---

[3] However, under the heading "Law and Argument," he asserted in a subheading the court should sentence him to two years, which he called the low term. In the body of the argument, he asserted the court should impose "a sentence of probation to be served in the Sacramento County Jail."

Finally, he committed himself to remaining alcohol-free, attended an orientation for a live-in rehabilitation center, and wanted to follow that up by taking his first class there in March 2014.

*Sentencing*

At the sentencing hearing, defense counsel asserted defendant's daughter J. was born with a deformity that required seven surgeries before the age of two and seven more afterward. Defendant's ex-wife abandoned the family soon after J.'s birth. Defendant's driving while under the influence convictions began in 2000, the year after J. was born. The financial and emotional burden of coping with J.'s problems on his own had caused the stress which led him into binge drinking. He recognized he was desperately in need of rehabilitation and treatment and was willing to do anything so as not to be taken away from J. Therefore, the trial court should suspend imposition of sentence and grant defendant five years of probation.

The prosecutor suggested defendant was not eligible for probation barring unusual circumstances. There were none here. Defendant's current conviction is his seventh driving while under the influence conviction, and he committed it while awaiting sentencing on another. He committed three driving while under the influence offenses in 2000 and others in 2002, 2005, and 2012, before his current case in 2013. He could not continue to excuse his conduct by blaming events that happened 15 years ago. When given the chance to enter an alcoholism program on probation for one of his driving while under the influence convictions, he failed to complete it despite repeated reminders. He was terminated from that probation. He then incurred the Marin County driving while under the influence conviction in 2012, approximately nine months before the current offense. In the current case, he admitted he knew he was too drunk to drive and yet drove anyway. This was an aggravating factor. He might be concerned about how his sentence would affect his daughter's life, but he was unconcerned about how getting behind the wheel with a 0.23 percent blood-alcohol content might affect somebody else's life. He

was still not taking responsibility for his acts. His criminal history and his disregard for public safety warranted the upper term.

Defense counsel claimed defendant said he completed the alcoholism program. The trial court noted the probation report said defendant was "terminated" from the program, which had to mean, unless defendant had contrary evidence, he did not complete it. Given the chance to speak, defendant insisted he completed the program and that he had a certificate from Kaiser. He also stated that the DMV and/or the "MAAP" program should have documentation indicating he had completed the program.

The trial court ruled:

"[T]he probation report describes the facts of the offense, to include the Defendant's admission that he had too much to drink, he should not have been driving, but it did not list this as one of the circumstances in mitigation, the fact the Defendant had voluntarily acknowledged wrongdoing before arrest or at an early stage of the proceedings, pursuant to [rule] 4.423(e)(3).

"I do -- I will consider this as mitigation, along with the People's arguments as to why it shouldn't be. Quite frankly, it cuts both ways, but I think it matches the requirements of being a factor in mitigation.

"*The Defendant's request to have the report corrected to show that as a factor in mitigation he's an alcoholic and suffers from a mental and physical condition, pursuant to [rule] 4.423(b)(2) is denied.*

"*There is no authority nor factual record to support such an assertion.*

"I will consider, and have considered, the Defendant's positive contributions to the community, his close relationship with his daughter, her long recovery from birth-related medical problems, as well as future care needs, and her reliance on him for financial support.

"The Defendant is not eligible for probation, pursuant to Penal Code Section 1203(e)(4), and I find no unusual circumstances that would make him eligible.

6

"The Defendant has a prior record of criminal conduct that is numerous and of increasing seriousness, including, but not limited to, three prior DUI offenses before 2005, a felony DUI offense in 2005.

"This is your third [*sic*] DUI conviction, and your blood alcohol content was high, at a .23.

"And this occurred after you had already entered a plea to DUI charges in Marin County Superior Court, which have since been withdrawn. [*Sic*.]

"The Defendant has numerous and multiple opportunities to turn away from alcohol and not drive under the influence.

"I agree with probation that the prior performance on probation has been unsatisfactory. Even assuming there is a dispute over whether he actually completed the SB-38 Program, the other factors indicating unsatisfactory performance are undisputed.

"The letters submitted by friends and by your ex-wife are very moving. They emphasize your great relationship with your daughter.

"This case is not about your daughter. Moreover, it's important that as your daughter has been to your life [*sic*] and all the things that I considered in these letters and your counsel's statements this morning, as dedicated and devoted as you are to her and to these other worthy causes, you got back in the car and drove again while pretty drunk.

"I mean, there's driving under the influence and there's drunk driving. That was drunk driving. And you had to have known the full consequences of doing so.

"I think what's also a concern is driving on a suspended license. That means nothing that we do, that the courts do, that law enforcement does is working. Your license is taken away, and you drive anyway.

"And in your counsel's statements about your phone calls daily, that you will do anything to avoid going to prison, I believe it. I believe you, that you would do anything to avoid going to prison.

"I . . . just don't see how that is going to not be a danger to the community . . . given the past history.

"I find that . . . there is a likelihood that if you're not imprisoned, you'll be a danger to others and to the community.

"I am adopting the circumstances in aggravation, as stated in the amended probation report.

"Probation is denied.

"It is the judgment and sentence of the Court as to Count 1, a violation of Vehicle Code Section 23152(a), that you will serve the *upper term of three years in state prison*." (Italics added.)

DISCUSSION

I

Defendant contends he "was denied due process and his Sixth Amendment right to the effective assistance of counsel when the court improperly disregarded an important mitigating factor." (Capitalization omitted.) We disagree. The court did not improperly disregard any mitigating factor, and defendant was not deprived of due process or the right to the effective assistance of counsel.

"When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, . . . and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, . . . and any further evidence introduced at the sentencing hearing. The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." (§ 1170, subd. (b).)

8

" 'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations] . . . . We must affirm unless there is a clear showing the sentence choice was arbitrary or irrational.' [Citation.]" (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) A single valid aggravating factor justifies the upper term. (*People v. Steele* (2000) 83 Cal.App.4th 212, 226.)

Here, the trial court relied on the aggravating factors cited by the probation report: defendant's convictions were numerous and of increasing seriousness, and his prior performance on probation was unsatisfactory. The record supports both factors, and defendant does not attempt to show that either was inapplicable. Thus, the court's sentence choice was not facially arbitrary or irrational, and imposition of the upper term was well within the court's discretion.

Defendant asserts, however, the trial court did not exercise its discretion in an informed manner because it did not properly consider the "mitigating factor" of alcoholism. Citing the court's statement that " '[t]here is no authority nor factual record to support [the] assertion' " that defendant's alcoholism was a mitigating physical or mental condition under rule 4.423(b)(2), defendant claims the court erred because appellate decisions have held that alcoholism can come within the rule and the record clearly shows defendant is an alcoholic. Defendant is mistaken.

The trial court's statement as to authority was literally correct: defendant did not cite any authority for his claim (other than the rule itself, which does not mention alcoholism) either in his written statement in mitigation or his oral argument. And the court did not dispute defendant is an alcoholic. Rather, the court noted defendant had not sought or pursued treatment in the course of 15 years of repeated driving while under the influence convictions, and in the current case, he admitted he drove with the knowledge

9

at the time of the offense he was too drunk to drive safely.[4]  In other words, the court properly found there was no "factual record to support" treating defendant's alcoholism as a mitigating factor.

Defendant now relies on *People v. Simpson* (1979) 90 Cal.App.3d 919 (*Simpson*), which he calls "[t]he lead case in California on the use of alcoholism as a factor in mitigation."  His reliance is misplaced.

This court observed in *People v. Reyes* (1987) 195 Cal.App.3d 957 (*Reyes*):  "The *Simpson* case does not hold that alcoholism must always be considered as a mitigating factor.  The court said, 'the trial court must consider the *possibility* that [the defendant's] alcoholism is a circumstance in mitigation within the meaning of [former] rule 423, and must then weigh this factor along with the other relevant circumstances.'  [Citation.]" (*Reyes, supra*, 195 Cal.App.3d at p. 960, original italics, quoting *Simpson, supra*, 90 Cal.App.3d at p. 928.)  Here, as in *Reyes, supra,* at p. 961, the trial court read and considered the probation report and heard defense counsel argue his client's alcoholism was a mitigating factor.  Then, for reasons clearly articulated in its sentencing statement, the court found it should not be treated as a mitigating factor.

"As a policy matter, when a defendant has a drug addiction or substance abuse problem, where the defendant has failed to deal with the problem despite repeated opportunities, where the defendant shows little or no motivation to change his life style, and where the substance abuse problem is a substantial factor in the commission of crimes, the need to protect the public from further crimes by that individual suggests that a longer sentence should be imposed, not a shorter sentence.  *For example, the felony drunk driver who is suffering from an uncontrolled alcoholism should be sentenced to a*

---

[4]    Defendant asserts "he did make efforts, albeit ineffectual ones, to rehabilitate himself."  However, he supports this assertion only by citing to his uncorroborated claims at the sentencing hearing, which contradicted the probation report on this point.

*longer term, not a shorter one, in order to prevent him from driving under the influence again. . . .* [¶] . . . [¶] Indeed, where . . . the substance abuse problem has led to behavior described as aggravating factors in [former] rule 421, such as a pattern of criminal conduct dangerous to society, violations of parole or probation, and unsatisfactory performance on probation or parole, the addiction or alcoholism is properly considered as a part of those aggravating factors because it suggests a high probability of further depredations on the public whenever the defendant is again out of custody." (*Reyes, supra*, 195 Cal.App.3d at pp. 963-964, italics added [refusing to follow *Simpson* so far as it holds otherwise].)  That is this case.

Because defendant has not shown the trial court's sentencing choice was an abuse of discretion, we reject his contentions he was denied due process and the effective assistance of counsel.

## II

Defendant says the abstract of judgment fails to show his conviction for driving on a suspended license (count three) was a misdemeanor, instead putting that conviction in a box with counts one and two under the heading:  "Defendant was convicted of the commission of the following felonies."  The Attorney General responds, confusingly and without authority, that we should conclude that "there is no error contained on the abstract of judgment" because, "for purposes of clarity, count III was included on the 'felony' abstract of judgment form despite its being a misdemeanor."

DISPOSITION

We direct the trial court to strike count three from the abstract of judgment and furnish a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


      NICHOLSON     , Acting P. J.


We concur:


      DUARTE      , J.


      HOCH      , J.

12