Filed 5/16/24  P. v. Hansen CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>SHAWN RICHARD HANSEN,<br><br>　　　Defendant and Appellant. | A166722<br><br>(San Mateo County Super. Ct. No. 22NF005757A) |

A jury convicted Shawn Richard Hansen of one count of second degree robbery, in violation of Penal Code[1] section 212.5, subdivision (c).  The trial court sentenced Hansen to state prison for three years.  Hansen appeals, arguing that (1) the trial court abused its discretion by sentencing him to the middle term of three years; and (2) his psychological trauma contributed to his commission of the robbery, warranting reversal and remand for resentencing under section 1170, subdivision (b)(6).  We affirm.

### BACKGROUND

On May 6, 2022, a cashier at Burlingame Liquors saw Hansen stumble into the store.  Hansen approached the register with two "cans of beer" and

[1] All undesignated statutory references are to the Penal Code unless otherwise indicated.

"three bags of Corn Nuts" but proceeded to leave the store without paying. The cashier chased after Hansen and told him to return the items. Hansen responded, " 'These are mine. You can't take these.' "

The cashier then reached towards Hansen to grab the items, but Hansen pulled them away while wrapping one arm around the cashier "like a big giant bear hug." After a struggle, Hansen punched the cashier in the back, and they fell to the ground. The cashier told Hansen, " 'We can stop this. It doesn't need to go any further,' " but Hansen punched the cashier on the right side of his jaw. Bystanders intervened and were able to hold Hansen down until police officers arrived.

On June 17, 2022, Hansen was charged with second degree robbery (§ 212.5, subd. (c)). On August 22, 2022, a jury returned a verdict of guilty for the charged offense.

In its presentence report, the probation department details Hansen's history of substance abuse. Hansen told the probation department that he "recognize[d] the severity of his alcohol abuse problem." He stated that he began drinking alcohol at the age of fourteen. Hansen completed a residential treatment program in 2014 and entered another program in 2021 but relapsed two months later. The presentence report also details Hansen's family background that included several challenging events that all occurred prior to the age of fifteen.

Regarding the robbery, Hansen stated that he was under the influence of alcohol and did not remember the night the offense occurred. He appeared to take only "minimal responsibility" for the offense and accused the victim of lying about their physical altercation. Hansen repeatedly stated that he did not believe he was capable of hurting someone.

Hansen suffered numerous convictions, including five prior convictions for various theft crimes and eight prior convictions for crimes of violence. His criminal record also included a long history of probation violations and terminations, demonstrating that "he [did] not take probation seriously." The probation department deemed Hansen's prior convictions, custodial sentences, violent conduct, and unsatisfactory performance on probation and parole to be aggravating circumstances under California Rules of Court, rule 4.421. The probation department found no circumstances in mitigation and recommended Hansen be denied probation in favor of a state prison commitment.

The People filed a sentencing memorandum recommending Hansen be sentenced to the middle term of three years in state prison. Defense counsel did not submit a sentencing memorandum.

At the sentencing hearing, defense counsel argued that a state prison sentence was inappropriate because Hansen was in a "blackout state" and "fight or flight mode" at the time of the offense. Counsel recommended that Hansen be released for time served on a one-year county jail commitment. In response, the prosecutor emphasized Hansen's prior convictions and history of noncompliance with probation.

Although it acknowledged that the circumstances of the offense represented a "minor" example of robbery, the trial court nonetheless noted that Hansen committed the offense after "a long history of alcohol issues, some violent conduct[,] and theft." The trial court found Hansen's conduct to be escalating in severity and agreed with the circumstances in aggravation set forth in the presentence report. Finally, the trial court found no mitigating factors, explaining that "there were none really presented here

3

today that rise to the level of factors [in] mitigation such that the Court would consider something other than the midterm."

The trial court sentenced Hansen to the middle term of three years. Hansen timely filed a notice of appeal.

## DISCUSSION

### I. The Trial Court Did Not Abuse Its Discretion in Imposing the Middle Term Sentence

#### A. Standard of Review

We review sentencing decisions for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) On appeal, the reviewing court is required to presume the trial court "acted to achieve legitimate sentencing objectives." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) We will not reverse a decision " ' merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." [Citations.]' " (*Id.* at p. 978, citing *People v. Pryer* (1985) 164 Cal.App.3d 568, 573.)

Particularly in the context of aggravating and mitigating factors, sentencing courts have " 'wide discretion' " in qualitatively and quantitatively weighing the factors against each other. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) We must, therefore, affirm " 'unless there is a clear showing the sentence choice was arbitrary or irrational.' " (*Ibid.*)

When imposing a judgment of imprisonment where the statute has three possible terms, the trial court "shall, in its sound discretion, order imposition of a sentence not to exceed the middle term . . . . " (§ 1170, subd. (b)(1).) "In selecting between the middle and lower terms of imprisonment, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the

4

sentencing decision." (Cal. Rules of Court, rule 4.420(d).) In making its decision, the trial court may obtain relevant information from the "case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Cal. Rules of Court, rule 4.420(d).)

## B. Appellant's Alcohol Use

Hansen contends that the trial court abused its discretion in failing to find that his "longstanding alcoholism and alcohol abuse" was a mitigating factor. Mitigating circumstances exist if "[t]he defendant was suffering from a mental or physical condition that significantly reduced culpability for the crime." (Cal. Rules of Court, rule 4.423(b)(2).) Alcoholism may be considered a " 'mental or physical condition' " under this rule, but it does not necessarily constitute a mitigating factor for sentencing purposes. (*People v. Simpson* (1979) 90 Cal.App.3d 919, 927, fn. 7 (*Simpson*); *People v. Reyes* (1987) 195 Cal.App.3d 957, 961.)

Hansen relies on the *Simpson* case. In *Simpson*, the court found that appellant was "suffering from alcoholism, that he gets into trouble when he drinks, and that in the cases under consideration he twice broke into a liquor store while drunk with the apparent goal of obtaining even more alcohol." (*Simpson*, *supra*, 90 Cal.App.3d at 927.) However, the *Simpson* court determined that the trial court "did not take into account appellant's alcoholism as a mitigating circumstance and therefore cannot be viewed as having exercised its discretion or as having weighed the circumstances. For this reason the judgment must be reversed." (*Ibid*.)

Under these circumstances, the *Simpson* court held that "the trial court must consider the *possibility* that . . . alcoholism is a circumstance in

5

mitigation . . . and must then weigh this factor along with the other relevant circumstances." (*Simpson*, *supra*, 90 Cal.App.3d at p. 928, italics added.)

Contrary to Hansen's contention, the trial court properly considered whether alcohol use was a mitigating factor at the time of the offense. Prior to stating that it found no factors in mitigation, the trial court: (1) reviewed the probation report, which detailed Hansen's long history of alcohol use; (2) reviewed the People's sentencing memorandum recommending the middle term of three years; (3) expressed concern that Hansen's behavior was escalating in severity; (4) recognized that "despite the chances [appellant's] been given by the Court and by probation, he still continues to participate in the same type of conduct;" and (5) acknowledged that while the robbery was relatively minor, it was preceded by "a long history of alcohol issues, some violent conduct[,] and theft."

As noted, *Simpson* requires only that the court consider the possibility that alcoholism was a mitigating factor; it does not require the court to find that alcohol abuse is a mitigating factor. (*People v. Reyes*, *supra*, 195 Cal.App.3d at p. 960 ["The *Simpson* case does not hold that alcoholism must always be considered as a mitigating factor"].) Here, the trial court adequately considered Hansen's alcohol use as required under *Simpson* and determined that it was not a mitigating factor because it did not significantly reduce his culpability for the offense. The record also indicates that the trial court carefully considered the aggravating factors in connection with any mitigating circumstances arising from alcoholism in determining whether to impose the mitigating term or the middle term. From this background, the trial court reasonably concluded that the middle term was the appropriate sentence under the circumstances.

Given the deferential standard under which we review sentencing decisions, we conclude that the trial court did not abuse its discretion in sentencing Hansen to the middle term of three years.

## II. Appellant Fails to Establish Psychological Trauma Under Penal Code Section 1170, Subdivision (b)(6)

### A. Standard of Review

"To prove an abuse of discretion, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." '  [Citation.]  To meet this burden, the defendant must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' "  (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.)

### B. Lack of Evidence That Trauma Contributed to the Offense

Section 1170, subdivision (b)(6)(A), provides in relevant part:  "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

In a supplemental brief, Hansen argues that the record is "replete with evidence that appellant suffered psychological trauma."  Hansen relies on the probation report to establish his "chaotic and troubled" childhood.  He points to the death of his father when he was 11 years old, dropping out of school in the ninth grade, running away from home when he was 15 years old, and

7

staying with a friend until he was 17 when he was taken into custody as a missing person.  He also notes his adult psychological trauma as an alcoholic transient who started drinking at age 14 and has been in and out of treatment programs.  Finally, he claims that he was intoxicated (stumbling, staggering, and slurring his speech) and in a blackout state, amounting to a mental illness (alcohol use disorder) at the time of the robbery.

Initially, as Hansen points out, he did not raise the issue of psychological trauma with the trial court during the sentencing hearing.  "As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.'  [Citation.] . . . Thus, all 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to review."  (*People v. Smith* (2001) 24 Cal.4th 849, 852.)  Therefore, we deem the argument waived.[2]

Nevertheless, the claim fails on its merits as well.  For mental illness to be the basis for finding a psychological trauma, the "[p]sychological trauma must attend the illness, and *that* trauma must contribute to the crime under section 1170, subdivision (b)(6)."  (*People v. Banner* (2022) 77 Cal.App.5th 226, 241, original italics.)

_____

[2] While there is a narrow exception to the waiver rule for "unauthorized sentences" or sentences entered in "excess of jurisdiction," since they present for the reviewing court "pure questions of law," the determination of whether Hansen suffers from a psychological trauma that contributed to the commission of the crime under section 1170, subdivision (b)(6), requires reference to factual findings in the sentencing record and therefore are not waivable under this narrow exception.  (See *People v. Smith, supra*, 24 Cal.4th at p. 852 ["In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable"].)

Hansen offers nothing connecting his alleged psychological trauma to his commission of the offense. He essentially asks this Court to link together a chain of speculative inferences and to conclude his psychological trauma contributed to his commission of the robbery: that the appellant was intoxicated when he committed the robbery and has a long history of alcohol abuse and childhood marked by chaos and trauma. In the absence of any evidence — such as an expert's report or testimony — that Hansen's difficult childhood is connected to and in some way contributed to the commission of the offense, Hansen's unsupported assertions fail to persuade us that he is entitled to remand for resentencing under section 1170, subdivision (b)(6)(A).

Moreover, the trial court's comments regarding Hansen's numerous chances on probation and his escalating criminality indicate that even if Hansen had established that his alcohol abuse or difficult upbringing constituted trauma that contributed to the offense, the trial court nonetheless appropriately determined that "the aggravating circumstances outweigh[ed] the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) Furthermore, section 1170, subdivision (b)(6), became effective just over nine months before appellant's sentencing hearing. Nothing in the record suggests that the trial court was unaware of the relevant law or chose to apply the incorrect law.

Accordingly, we are unpersuaded that section 1170, subdivision (b)(6), requires reversal and remand for imposition of a low-term sentence.[3]

## DISPOSITION

The judgment is affirmed.

---

[3] Because we have rejected Hansen's claims on their merits, we need not address the contention that his trial counsel was constitutionally ineffective for failing to object and preserve the claims for appeal.

9

HITE, J. *

We concur:

BROWN, P. J.
STREETER, J.

*People v. Hansen* (A166722)

_____

* Judge of the Superior Court of California, City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10