Filed 11/13/14  P. v. Fletcher CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DRAMAINE FLETCHER,<br><br>Defendant and Appellant. | C074745<br><br>(Super. Ct. No. 08F09282) |

This is the second appeal for defendant Dramaine Fletcher.  Prior to the first appeal, a jury convicted defendant of pimping a 14-year-old minor, pandering a 14-year-old minor, photographing a minor involving sexual conduct, possession of child pornography, statutory rape of a person under the age of 16 years, commission of lewd and lascivious acts upon a child of 14 years, furnishing marijuana to a minor, and

1

admitting or keeping a minor in a house of prostitution. (*People v. Fletcher* (Mar. 15, 2013, C063305) [nonpub. opn.] (*Fletcher*).)[1]

The trial court found that defendant had a prior strike conviction, denied his request to dismiss the strike, and sentenced him to 19 years four months in prison, including consecutive terms on count 9 [commission of a lewd and lascivious act (oral copulation of defendant) upon a child of 14 years] and count 10 [commission of a lewd and lascivious act (digital penetration of the minor) upon a child of 14 years]. (*Fletcher, supra*, C063305.)

In defendant's first appeal, this court reversed the consecutive sentences on counts 9 and 10 and remanded the matter for a new sentencing hearing on those counts, directing the trial court to exercise its discretion in imposing consecutive or concurrent sentences. (*Fletcher, supra*, C063305.)

On remand, the trial court reimposed consecutive sentences on counts 9 and 10, explaining that the victim was particularly vulnerable; the crimes disclosed a high degree of cruelty, viciousness, or callousness; and defendant's offenses were distinctly different and separate acts.

In this second appeal, defendant now contends the trial court abused its discretion in imposing consecutive sentences on counts 9 and 10, because it relied on an improper factor in aggravation (that the victim was particularly vulnerable) and it failed to consider all mitigating factors.

We conclude the trial court did not abuse its discretion. Accordingly, we will affirm the trial court's sentencing order.

---

[1] We take judicial notice of our prior opinion, which is in the record on appeal. (Evid. Code, §§ 452, subd. (a), 459, subd. (a).)

BACKGROUND

During an investigation into juveniles working as prostitutes in Sacramento, a detective recognized Kimberly J. in a Craigslist advertisement. (*Fletcher, supra*, C063305.) The detective had encountered her the year before, when she used the same false name: Sparkle. Advertisements showed Kimberly J. with another female, Cinnamon. (*Ibid*.)

Cinnamon (codefendant Siama Rivera) took an officer posing as a "john" to a motel room where Kimberly J. was waiting. They told the officer he could get a massage and dance from both of them for $250. (*Fletcher, supra*, C063305.)

Meanwhile, other surveillance officers saw a white Jaguar driven by defendant back out of a parking space directly below the room. When they stopped the Jaguar, they found two cell phones in the car; one had a photo of Kimberly J. engaged in sexual activity. (*Fletcher, supra*, C063305.) Officers subsequently found evidence in the motel room associated with defendant. (*Ibid*.)

According to Kimberly J., during the time she spent with defendant and codefendant, she walked the streets twice as a prostitute; the rest of the time she posted photographs for customers on the Internet. Defendant took those photographs. Kimberly J. gave defendant the money she made as a prostitute, and in return, he paid for her room and bought her food and marijuana. (*Fletcher, supra*, C063305.)

Kimberly J. was 14 years old at the time of defendant's preliminary hearing. She testified that she started to work as a prostitute at 13, about two months before she met defendant; she had worked in that capacity for three other people before him. (*Fletcher, supra*, C063305.) She said she had sex with defendant once and oral sex with him once (count 9). In addition, defendant put his fingers inside her vagina once (count 10). (*Ibid*.)

3

At the time of the preliminary hearing, Kimberly J. was living in a foster home, but was removed from the home soon afterward for using drugs. Placed in a group home, she ran away. Her whereabouts thereafter were unknown. After determining that the People had used due diligence to try to find her, the trial court admitted her preliminary hearing testimony into evidence at trial. (*Fletcher, supra*, C063305.)

On remand for resentencing, defendant submitted a statement in mitigation, arguing for concurrent terms on counts 9 and 10. According to defendant, the circumstances relating to the crimes warranted concurrent sentencing because defendant's sexual acts with Kimberly J. were part of a single sexual encounter and had the same objectives of sexual gratification; the acts were not "predominantly independent of each other" (Cal. Rules of Court, rule 4.425(a)(1))[2] and were not committed "at different times or separate places" (rule 4.425(a)(3)).

Defendant further argued that the sexual acts between defendant and Kimberly J. were consensual, that this was a mitigating factor under rule 4.421(a)(2),[3] and this mitigating factor could be considered in determining whether to impose consecutive or concurrent sentencing unless it would involve dual use of facts (see rule 4.425(b)). Defendant further urged that his history and characteristics counted in mitigation: letters from family members and others, attached as exhibits, showed that he was a loving and supportive father to his 12-year-old daughter, very active in family activities, hardworking, and regularly employed.

---

[2] Undesignated rule references are to the California Rules of Court.

[3] Rule 4.421(a)(2) provides that it is a circumstance in aggravation if the defendant was armed with or used a weapon at the time of the commission of the crime. As defendant later explained, his argument here was intended to show that the absence of this aggravating factor amounted to a mitigating factor.

4

The People's sentencing brief after remand argued for consecutive sentences because the crimes involved acts disclosing a high degree of cruelty and callousness (rule 4.421(a)(1)), the victim was particularly vulnerable (rule 4.421(a)(3)), the manner in which the crimes were carried out indicated planning, sophistication, and professionalism (rule 4.421(a)(8)), and defendant took advantage of a position of trust or confidence to commit the offenses (rule 4.421(a)(11)). The People said defendant's crimes were cruel and callous because he "manipulated the needs of a runaway, homeless, friendless 14 year old girl to achieve personal gains." Knowing that she was a minor, he "used Kimberly J. as an asset, not a human. His actions display a great indifference to Kimberly J.'s plight as a person." The People further asserted that Kimberly J. was particularly vulnerable because she was 14 years old and without friends, family support, or a home when defendant met her.

Defendant replied in part that although "Kimberly J.'s situation was tragic," she was not "particularly" vulnerable because she had started working as a prostitute when she was 13 years old, two months before she met defendant, and a year before the facts arose that led to this case.

At oral argument, defense counsel asserted: (1) Kimberly J.'s age could not support consecutive sentencing because her age was an element of the offense charged in counts 9 and 10 (Pen. Code, § 288, subd. (c)(1)), and (2) despite her age and the circumstances of her life, her willing participation in the crimes had some bearing on mitigation (cf. rule 4.423(a)(2)).

The prosecutor responded that although Kimberly J.'s age could not be used in aggravation, her life circumstances could be: defendant's willingness to exploit a person who was friendless and alone, as he knew her to be, showed extreme callousness. Furthermore, even though she was "streetwise," her situation made her extremely vulnerable. Finally, "the way that this was carried out was not spur of the moment."

The trial court ruled as follows:

5

"I have, as I've said, spent some time to revisit and reconsider the facts of this case as they were presented at the trial and to review the basis on which the Court made its original determination to sentence [defendant] in the manner in which he was sentenced. I've carefully reviewed the directives of the Appellate Court and considered the factors required for judgment and sentence.

"This is a limited determination in this case. I -- I mention that only so that I am clear that I have a global view of this case in making this very directed finding as to the consecutive or concurrent term.

"This is conduct that occurred on one occasion. And the Court, therefore, does have the discretion to consider whether concurrent sentence would be appropriate. So clearly there are some circumstances when evaluating factors under all of the circumstances that would be the appropriate choice.

"The parties have argued about the characterization of the victim in this case, and it is a complex and troubling issue. To be clear, I'm not going to take into account the arguments anyone's made about the defendant's family or how that would relate to how he should have felt about the victim. I'm really making my determination independent of that.

"And I understand [defense counsel has] raised a valid point as to the fact of just taking the pure age. We all have a reaction to someone who's victimized at this age, but that is the definition of the crime and that's well understood by me.

"But this series of crimes and the exploitation of this child took place over a period of time, and how do we define someone who's vulnerable? Well, she was extremely vulnerable albeit already troubled and somewhat streetwise child, but she was homeless, she was looking for survival. She had been previously exploited and debased herself previously at the hands of other individuals unfortunately. She was in a situation where she needed the help and support of someone and received in turn the treatment that she received at the hands of [codefendant] and [defendant].

6

"I do find that she is a profoundly vulnerable victim and do find that a very compelling circumstance. And I've looked at the conduct that is discussed as the sexual conduct that was related in the preliminary hearing as well to -- to look at the circumstances of those three offenses on which the jury convicted [defendant]. While they occurred at one occasion, I do find it to be a part of the dynamics of the relation coming into play in that scenario. In other words, she described that these occurred after she had engaged in other with [*sic*] -- at the behest of [defendant]. It seems that this is additional conduct in which [defendant] exhibited his extreme power over her. And while, agreed, there's an element of consent as argued by the defense, in the biggest sense of the term, this young person was extremely powerless over her fate at that point.

"So the goal of those acts, in the Court's view, were [*sic*] not, strictly speaking, for sexual gratification, which itself is deplorable, but additionally to maintain a relationship of power and control over this young victim and to perpetuate this network of financial gain that he had engaged in. And I find that very troubling circumstances just looking again at the context.

"So I think that the demonstration of the scheme and the callousness of the treatment of her generally, there were distinctly separate sexual acts committed against her. As described, she was engaged in oral copulation of the defendant as well as engaged in the sexual intercourse which is a distinctly different and separate act as she described.

"So I find that the facts do warrant the imposition of consecutive sentencing as to each of those counts, and I have stated my articulation and reasons for them. So the Court will restate its original sentence which was imposed in this matter.

"[N]o other matters were addressed to this Court, so the Court simply reaffirms the original sentence with the statement of reasons and a basis for its choice, a deliberate choice with an understanding of the Court's exercise of discretion in light of the circumstances of the totality of the case and the vulnerability of the victim."

7

DISCUSSION

Defendant contends the trial court abused its discretion in imposing consecutive sentences on counts 9 and 10, because it relied on an improper factor in aggravation -- that the victim was particularly vulnerable -- and it failed to consider mitigating circumstances.

When the trial court has exercised its discretion to make a sentencing determination and has stated its reasons, we review its decision for abuse of discretion. The party attacking the sentencing decision has the burden to show it was irrational or arbitrary. Absent such a showing, we will not set aside the trial court's decision, even if reasonable people might disagree with it. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978 (*Alvarez*).)

Defendant claims the trial court relied on an improper factor in aggravation: that the victim was particularly vulnerable. He asserts that Kimberly J. was a runaway who did not want to be found, and a prostitute "by choice" who intended to resume such work. Thus, he claims she was not vulnerable and the trial court's decision must have been based improperly on her age alone. We disagree.

The trial court expressly stated its understanding that the victim's age was part of the definition of the crime. Moreover, the record supports the trial court's finding that defendant exerted power over Kimberly J. and exploited her. Defendant took the money Kimberly J. earned and paid for her room and food. (*Fletcher, supra*, C063305.) He took photographs of her, posted them on the Internet, and had sex with her. (*Ibid.*) We reject defendant's suggestion that under such circumstances, the victim made choices and was not vulnerable.

Defendant further asserts that the trial court failed to consider mitigating circumstances. But absent an explicit statement by the trial court to the contrary, we presume the trial court properly exercised its legal duty to consider all possible mitigating and aggravating factors in determining the appropriate sentence. (*People v. Oberreuter*

8

(1988) 204 Cal.App.3d 884, 888.)  Accordingly, we presume the trial court implicitly determined that the factors in mitigation cited by defendant did not outweigh the factors in aggravation.

Defendant has not met his burden to show that the trial court's sentencing decision was irrational or arbitrary.  (*Alvarez, supra*, 14 Cal.4th at pp. 977-978.)

DISPOSITION

The trial court's sentencing order is affirmed.


          MAURO         , J.


We concur:


        BLEASE       , Acting P. J.


        BUTZ        , J.